## Case No. 2,088.

### BUCKINGHAM v. BURGESS et al.

[3 McLean, 368.][1]

Circuit Court, D. Indiana. May Term, 1844.

SECURITY FOR COSTS—VALIDITY OF BOND—DEPOSITIONS—WHEN MAY BE TAKEN—FORM.

1. A bond binding an individual, as security for the plaintiff, to pay the costs in a suit named, is good, without naming any individual to whom the payment shall be made; the obligation is to pay the costs to whomsoever may be entitled to them.

2. Should the defendant recover the costs, he could bring the suit in his own name against the security.

3. Depositions may be taken under the act of congress after the expiration of a rule to take them.

4. The caption in the deposition naming the suit should be correct. But where, from the facts, there can be no uncertainty as to the case, the deposition should be admitted.

[At law. Action by Mark Buckingham against Richard Burgess and McConahan for work and labor. A motion was made on behalf of defendants to dismiss the action, because of an insufficient bond as security for costs. Denied.]

Mr. Smith, for plaintiff.
Mr. Newman, for defendants.

OPINION OF THE COURT. The plaintiff being a non resident, under the rule of the

court to give security for the payment of costs, the following bond was executed: "I, Daniel Hawkins, of the county of Fayette and state of Indiana, do hereby bind myself as security for Mark Buckingham for the payment of all costs which may be adjudged or taxed against the said Mark in a suit now pending in the United States circuit court, for the district of Indiana, wherein the said Mark Buckingham is plaintiff and Richard Burgess et al. defendants," &c. A motion was made to dismiss the suit for the want of security, on the ground that the bond does not specify to whom Hawkins is bound. The bond is good. The obligor is bound to pay the costs adjudged against Buckingham, to those who shall be entitled to them. A mere indorsement on the writ, as security for costs, has always been held sufficient. Should Buckingham fail in the action, and the defendant recover costs, his name can be used to enforce the payment of the costs. An objection, in the progress of the suit, was made against certain depositions, because at the last term a rule was granted to take depositions, and those objected to were taken after the expiration of the time. The depositions were not taken under the rule, but under the act of congress, which requires no notice, after the rule had expired.

Another objection was made that the title of the cause stated in the caption of one of the depositions is not the true one. The deposition states the case of Buckingham v. Burgess [Case No. 2,088]. On the docket the case is Buckingham v. Buckingham and McConahan. It appears that the process was served only on Burgess. Afterwards, McConahan came in voluntarily, and made himself defendant. There is no cause on the docket in the names of Buckingham and Burgess except the one above stated. Objections overruled.

[NOTE. For trial of the action herein, see Case No. 2,087; and, for trial of a similar action, see Id. 2,089.]