THOMAS B. MCPHERSON V. COMMERCIAL NATIONAL BANK OF OGDEN.

FILED APRIL 17, 1901.   No. 9,444.

1. **Undertaking for Costs Enforceable, Though No Obligee is Named Therein.** An undertaking for costs, meeting all the requirements of the statute under which it was given, is valid and enforceable although no obligee is named therein.

2. **Synonyms:** BOND: UNDERTAKING. There is no substantial difference between "a bond for costs" and "an undertaking for costs." Each expression is the recognized equivalent of the other.

3. **Clerk of State Court:** POSSESSION OF TERRITORIAL RECORDS: PRESUMPTION. Where the clerk of a state court for a certain county has possession of the records of the territorial court for the same county, it will be presumed, both courts being of the same description, that his possession is rightful.

4. **Evidence:** OBJECTION INDEFINITE AND UNINTELLIGIBLE. A party can not justly complain of an adverse ruling upon an objection to the introduction of evidence which is so indefinite as to be unintelligible.

ERROR from the district court for Douglas county. Tried below before DICKINSON, J. *Affirmed.*

*Byron G. Burbank,* for plaintiff in error.

*Richard S. Horton, contra.*

SULLIVAN, J.

This cause, after having been tried before a justice of the peace, was removed by appeal to the district court of Douglas county, where the plaintiff, the Commercial National Bank of Ogden, Utah, recovered a judgment against the defendant, Thomas B. McPherson, for the sum of $201.55. The material facts as found by the trial judge are as follows:

"1st. That prior to November 30th, 1894, T. H. Ensor and the Ensor Remedy Company were plaintiffs in actions pending in the district court of the Fourth Judicial district of Utah; that on the 11th day of November, 1894, the defendants in said suits requested plaintiffs to furnish security for costs in each of said actions.

"2d. That on the 30th day of November, 1894, the defendant, Thos. B. McPherson, wrote to J. L. Loar, the attorney for plaintiffs in said suits, requesting him to show said letter to the Commercial National Bank, plaintiff herein, and asked them to furnish bond for costs; and stating that defendant would hold them harmless by reason of their undertaking.

"3rd. That said attorney did show said letter to the plaintiff, and the plaintiff, relying on said letter, procured T. D. Ryan and R. T. Hume to sign an undertaking for costs in each of said actions.

"4th. That each of said undertakings was in words and figures following: 'Whereas, the defendant in the above entitled action filed his notice in the district court of the fourth judicial district, in the Territory of Utah and county of Webster, notifying and requiring the plaintiff to furnish bond for costs in the above entitled action.

" 'Now, therefore, in consideration of the premises, we, the undersigned, residents and freeholders of the said territory of Utah and county of Weber, do hereby jointly and severally undertake in the sum of three hundred dollars ($300.00), to the effect that the plaintiff will pay such costs and charges as may be awarded against the plaintiff by said judgment not exceeding said amount, in which amount we acknowledge ourselves jointly and severally bound. Thomas H. Ensor, By James L. Loar, His Atty. T. D. Ryan. R. T. Hume.'

"5th. That each of said suits was prosecuted in said district court to final judgment, and judgment rendered against the plaintiff for costs. In case of Thomas H. Ensor v. E. F. Bratz for the sum of $99.65. In case of Ensor Remedy Co. v. James E. Horrocks, the sum of $65.85.

"6th. That the undertakings for costs furnished by the plaintiff were each in conformity to and in compliance with the law of Utah, and the signers thereof were under the law of Utah legally liable thereon.

"7th. That the signers of said undertakings paid and satisfied said judgments for costs, and that the plaintiff herein furnished the money with which to make such payments, relying upon the letter of defendant that he would save them harmless in so doing, and that no part of the same had been repaid to plaintiff by defendant, or any person for him."

The first argument advanced by counsel for McPherson is that the instruments signed by Ryan and Hume were not valid obligations to answer for costs, and that the judgments rendered by the district court of the fourth judicial district of the territory of Utah were paid voluntarily and not under legal compulsion. It is true that there is no obligee named in either of the undertakings, but the statute of Utah does not require that there should be. They were binding engagements, because they conform to the requirements of the law under which they were given. The validity of a statutory guaranty is not

to be determined by inquiring whether it contains the essential elements of a common law bond.

It is next contended that there was a departure in the district court from the cause of action pleaded before the justice of the peace. The bill of particulars states that the defendant requested the plaintiff to furnish "a bond for costs," while the amended petition alleges that the request was to furnish "an undertaking for costs." This difference of description is not substantial. In both courts the foundation of plaintiff's cause of action, as pleaded and proved, was the letter written by McPherson to Loar. At every stage of the case the defendant was well advised that the plaintiff was seeking a recovery on the theory that it had furnished security for costs as requested. The issue tried before the justice was the identical issue tried in the district court. It can not be of much consequence whether the obligation which a nonresident plaintiff is required to give as a condition to the right to prosecute an action in Utah is called a bond for costs or an undertaking for costs. Each expression is the recognized equivalent of the other; either description is sufficiently accurate. The learned counsel for defendant has endeavored to make a distinction that is altogether too subtle for judicial prehension; he has carried refinement of definition beyond practical limits. *Sells v. Haggard*, 21 Nebr., 357; *Levi v. Fred*, 38 Nebr., 564; *Ball v. Beaumont*, 59 Nebr., 631.

A further contention in behalf of defendant is that the judgment rendered by the district court of the fourth judicial district of the territory of Utah were not established by competent proof. Transcripts of the records of said court containing a complete history of the cases of *Ensor v. Bratz* and *Ensor Remedy Co. v. Horrock*, were offered and received in evidence over objection that they were incompetent, irrelevant, and immaterial. The cases were pending and the judgments were rendered in the district court of the fourth judicial district of the territory of Utah, within and for the county of Weber. The

transcripts, which were made after Utah became a state, are attested by Joseph P. Ledwidge as "clerk of the district court of the second judicial district of the state of Utah, within and for the county of Weber." He states in his certificate that the transcripts are true and correct copies of the recorded proceedings in said cases "as the same appears of record in my office." We think this certificate is sufficient in form and substance. It shows that Mr. Ledwidge had possession, in his official capacity, of the records of the territorial district court for the county of Weber; and the presumption will be indulged that his possession was rightful. But if the certificates were imperfect, the objection to the admission of the transcripts in evidence would furnish no ground for complaint. It was too general; it did not direct the attention of the court to any specific defect; it was merely a dark hint that some defect existed. If an objection to evidence is an enigma, it is not error to overrule it; the time of the courts should not be consumed in reading riddles. A party can not justly complain of an adverse ruling upon an objection which is so indefinite as to be unintelligible. *Gregory v. Langdon*, 11 Nebr., 166; *Dworak v. More*, 25 Nebr., 735; *Rupert v. Penner*, 35 Nebr., 587; *Maul v. Drexel*, 55 Nebr., 446; *Krull v. State*, 59 Nebr., 97; *Jewett v. Black*, 60 Nebr., 173.

The judgment is

AFFIRMED.