GEORGE B. STEVENS V. MARGARET SHERIFF *et al.*

No. 15,089.   (90 Pac. 799.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Additional Security for Costs—Dismissal.* Section 584 of the code (Gen. Stat. 1901, § 5070) invests a district court with power in its discretion to dismiss an action at any time before judgment upon the failure of the plaintiff to comply with an order for additional security for costs. This discretion, however, should be exercised in harmony with the other provisions of the code which exempt persons unable by reason of poverty to give such security from any such requirement. *Held,* that in this case this discretion was abused.

2. ATTORNEYS—*Contingent Fees—Validity of Contract.* It is not illegal nor against public policy for a lawyer to prosecute an action for a client who is unable to pay for his services; nor, in such a case, is it illegal or against public policy for the lawyer to contract with the client for compensation for his services out of the amount recovered, and contingent upon recovery.

3. ——— *Security for Costs.* In such a case the lawyer is under no legal or moral obligation to give security for costs, even when the client is ordered so to do and is unable to comply with the order, and the action should not be dismissed either for the inability of the client to comply with the order or by reason of the neglect or refusal of his attorney so to do.

Error from Harper district court; PRESTON B. GILLETT, judge. Opinion filed June 8, 1907. Reversed.

*T. A. Noftzger, George E. McMahon,* and *Sam S. Sisson,* for plaintiff in error.

*George B. Crooker,* and *E. C. Wilcox,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: George B. Stevens commenced this action for damages in the district court of Harper county, of which county he was a resident, and deposited fifteen dollars as security for costs. A motion was filed

by the defendants for additional security, which motion was allowed, and in response the plaintiff filed the following affidavit:

"I, George B. Stevens, do solemnly swear that I am the plaintiff in the above-entitled cause and that I am now, and was at the time of the commencement of this action, a resident of this county and state; and I do further solemnly swear that the causes of action set forth in my original and amended petitions filed in this action are just and were just at the time said action was commenced; and I do further solemnly swear that by reason of my poverty I am unable to give additional security for costs."

Thereupon the defendants called the court stenographer as a witness, and he read the evidence of the plaintiff given in court as to the ability of the latter to give security for costs. This evidence, if credible, proved that the plaintiff was in fact financially unable to give security for costs, and there was no evidence to the contrary.

The court found that the accrued costs in the action exceeded the deposit made as security therefor. The court also found that the action was being prosecuted by attorneys for the plaintiff upon an agreement between them and the plaintiff that they were to receive one-half of the amount of the judgment recovered in the action, contingent upon recovery, and that neither the attorneys nor any one for them had given any security for costs except the fifteen dollars deposited at the commencement of the action. The court also found that the plaintiff was not entitled to prosecute the action as a poor person upon an affidavit *in forma pauperis*. There was no finding, however, that the plaintiff was financially able to give security for costs, nor of any fact which indicated that he was not entitled to proceed under his poverty affidavit.

The court then ordered that the plaintiff, or some one in his behalf, should file a good and sufficient bond for all costs that might accrue in the action or in lieu thereof deposit $150 with the clerk of the court within

ten days. More than ten days thereafter, no bond having been filed or money deposited, on motion of the defendants the case was dismissed.

The statute of this state (Code, §§ 581, 582; Gen. Stat. 1901, §§ 5067, 5068) provides that a plaintiff having a just cause of action against the defendant or defendants may file a certain affidavit, the form of which is prescribed, and no bond shall be required. Section 583 of the code (Gen. Stat. 1901, § 5069) provides a penalty for wilfully swearing falsely to such affidavit. Section 584 of the code (Gen. Stat. 1901, § 5070) provides that the defendant in any action pending in the district court may at any time before judgment, upon reasonable notice, move the court for additional security for costs, and if the court shall allow the motion the action may be dismissed within a reasonable time, to be fixed by the court, unless sufficient security be given by the party adjudged to give it.

Section 584 vests in the court a wide discretion, but this discretion should be exercised in furtherance of the wise and beneficent provision of our law—a provision similar to that found in the laws of the other states, and, indeed, in the laws of nearly every civilized nation of the globe—viz.: That no man who has suffered a wrong shall be denied redress in the courts of the land by reason of his poverty. It is probably unusual after the required affidavit has been filed that a hearing should be had and evidence heard as to the merits of the claim. The extreme penalty provided for wilful false-swearing therein is generally considered a sufficient safeguard. Upon reasonable apprehension, however, of a purpose on the part of a solvent plaintiff to abuse the beneficent exemption, there is no reason why the court should not make an examination, to the end that its officers who may be required gratuitously to perform their duties may not be imposed upon.

The findings of the court indicate that it did not, after investigation, find that the plaintiff was in fact able to give security for costs, but that, as he had ob-

tained lawyers who had contracted to attend to his case in court and take the chances of receiving compensation contingent upon the result, the court thought the lawyers were under obligation to give security for costs. It is neither a violation of law nor against good morals that a lawyer, if he believes a client or would-be client has been wronged and is unable to employ counsel to bring suit for the redress thereof, should undertake the business without any hope or promise of reward or upon a promise of reward contingent upon the result. Indeed, it is rather to be commended. It is in line with the clemency of the law that exempts the poor litigant from giving security for costs. On the other hand, it is champertous and illegal for a lawyer to encourage litigation by agreeing to bear the costs of litigation and to receive compensation only in case of recovery.

It would have been culpable in the lawyers in this case had they given security for costs; at least it would have been ground for suspicion of champerty. In ordering the dismissal of the case it appears that the court abused its discretion, and the order is set aside.

The case is remanded, with instructions to reinstate the same and to proceed therewith.