### GRAHAM v. ASCHENBACH et al.

(Supreme Court, Appellate Division, First Department. January 21, 1910.)

Costs (§ 109*)—Parties Required to Give Security—Assignee for Creditors.

A motion addressed to the court's discretion as provided by Code Civ. Proc. § 3271, to compel an assignee for creditors suing to set aside a transfer by the assignors of all their assets to give security for costs, should be granted where he has no assets except the claim in suit and no special reasons for denying the motion are shown.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 458; Dec. Dig. § 109.*]

Appeal from Special Term, New York County.

Action by Arthur Butler Graham, as assignee for the benefit of creditors of Charles W. Aschenbach, against Charles W. Aschenbach

and others. From an order denying the motion by the defendant Charles W. Aschenbach Company to compel plaintiff to give security for costs, it appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Theodore B. Richter, for appellant.

George W. Glaze, for respondent.

SCOTT, J. The defendant corporation appeals from an order denying its motion that plaintiff be required to give security for costs. Assuming that the motion was addressed to the discretion of the court (section 3271, Code Civ. Proc.), we are of opinion that that discretion should have been exercised in favor of granting the motion. The plaintiff is an assignee for the benefit of the creditors of the individual defendants Aschenbach and Smith, and as such assignee has apparently no assets except the claim in suit here, and consequently nothing wherewith to pay costs if they should be awarded against him. The object of the action is to set aside a transfer by the individual defendants of all their business assets to the defendant corporation. In such a case we consider that an assignee should generally be required to give security for costs, unless special reasons are shown to exist why such a requirement might lead to a denial of justice. To require such security to be given tends to put the parties on an equality, for without security the defendants while obliged to pay costs if defeated will be unable to collect costs if successful. No especial reasons for denying the motion are shown in the present case. On the contrary, the circumstances attending the commencement of the action suggest that the motion was well made.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.