ZUCCA MICHELETTA OBERTINO, *Appellant,* v. THE FIDELITY COAL MINING COMPANY et al., *Appellees.*

No. 17,237.

SYLLABUS BY THE COURT.

1. COST BOND—*No Obligee—Irregular—Not Invalid.* A cost bond for a fixed amount in which, after naming the parties plaintiff and defendant, the obligors undertake to pay the costs of the action upon substantially the conditions prescribed by the code is not invalid because an obligee is not named in the instrument.

2. ——— *When Cost Bond Deemed Approved.* Where a clerk of the district court accepts and files such a bond without objection and issues a summons it will be deemed to be approved, in the absence of any evidence of the disapproval of that officer.

3. ——— *Same.* Where a party attempts to comply with the law in giving a cost bond and it is for any reason defective the cause should not be dismissed until the party is given an opportunity to give a proper bond or sufficient security of the kind required by the statute.

Appeal from Cherokee district court. Opinion filed June 8, 1912. Reversed.

*Ralph Nelson,* for the appellant; *E. H. Ware,* and *Ezra R. Whitla,* of counsel.

*W. R. Cowley,* for the appellees; *Thurmond & Farrar,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an order dismissing an action brought by Zucca Micheletta Obertino against The Fidelity Coal Mining Company and William H. Barrett to recover $10,000 as damages for the alleged negligent killing of her husband in the mines of the company. With her petition she filed a cost bond which first gave the title of the action and then recited as follows:

"Know all men by these presents, that we, the under-

signed, are held and firmly bound in the sum of fifty ($50.00) dollars to pay the costs in the above entitled action in case they are not paid by plaintiff if she be adjudged to pay them, or in case said costs can not be collected from defendants if judgment be obtained against them."

The bond was signed by plaintiff and also by a surety who made oath that he was worth more than the amount of the bond above all exemptions and liabilities. The bond was placed on file and a summons was then issued by the clerk, which was served on defendants. Later the defendants moved to dismiss the action because the cost bond did not comply with the statutory requirements, also that it had not been approved by the clerk, and further, that the surety on the bond was not financially responsible; but the statement as to the financial standing of the surety was not supported by affidavit. The court sustained the motion and dismissed the action, and an application to make a deposit in money or to file another bond was also denied.

These rulings can not be sustained. The plaintiff made a *bona fide* effort to give the required security, and the bond given, although somewhat defective in form, was not void. The fact that it did not specifically run to the defendants does not make its purpose or obligation doubtful nor deprive it of validity. The parties to the action are named and the bond binds the obligors to pay the costs if plaintiff is adjudged to pay them or in case they can not be collected from the defendants if judgment is rendered against them. The nature and extent of the obligation is clear and it is available to the defendants as well as to the officers and witnesses to whom fees may accrue in the case. The statute does not provide who shall be named as obligee in a cost bond or that it shall run to anyone, and the obligors could not escape liability on a bond like the one in question, not even if it were no more than a mere promise to pay the costs of the action and no obligee

Obertino v. Mining Co.

was named.   Anyone to whom costs became due, including the defendants, could bring an action on the bond against the obligors.   (*Buckingham v. Burgess et al.*, 3 McLean, 368; *Joab Parks v. J. B. M. Allen, Ex'r, et al.*, 39 Tenn. 523; *McPherson v. Commercial Nat. Bank*, 61 Neb. 695, 85 N. W. 895; 11 Cyc. 197.)

Another objection is that the clerk did not indorse an approval on the bond.  There would be more force in the objection if the clerk had objected to the sufficiency of the surety or had refused to receive the bond when it was tendered; but, instead of that, he received and filed the bond and issued the summons as if the bond was acceptable and the surety satisfactory.   The filing of the bond and the issuance of the summons was substantially an approval by the clerk, and there is nothing in the record, other than the lack of an indorsement, indicating that the bond did not meet the approval of that officer.   Approval may be inferred from the facts of the transaction as well as from a written indorsement on the back of the instrument.

Aside from these considerations a failure to give a cost bond can hardly be deemed a jurisdictional requirement.   An action is deemed to be commenced and jurisdiction acquired when a petition is filed and a summons is issued and served upon the defendant.   (Civ. Code, §§ 19, 58.)   It is true that the duty is enjoined upon the clerk to require a cost bond containing certain conditions, and there is provision for requiring additional security if that first given is not sufficient, with authority to dismiss the action if the party fails to give such security within the time fixed by the court. (Civ. Code, §§ 606, 609.)   The code proceeds on the theory that the bond is mainly for the benefit of officers and witnesses, and if a party should refuse to comply with the requirements the court would be warranted in dismissing the action.   As has been stated, however, "if there has been an attempt to comply with the law by giving security, but it is·for any reason defective,

the cause should not be dismissed without giving the party an opportunity to give additional and sufficient security." (11 Cyc. 190.) In *Farmer v. Warner,* 64 Kan. 878, 68 Pac. 1127, it was contended that the statutory requirement of giving security for costs was mandatory and jurisdictional and if not given the court would be without jurisdiction and its judgment a nullity. In answer it was said:

"We do not agree with this contention. Statutory provisions requiring security for costs are for the protection of the officers of the court and witnesses. While compliance with the mandatory provisions of such statutes will be enforced, if called to the attention of the court by motion or otherwise, the failure to enforce such provisions by the court does not deprive it of jurisdiction or rended its judgments a nullity." (p. 879.)

However, the bond given being in substantial compliance with the statute and having been accepted and filed by the clerk before summons was issued there is no ground for the dismissal of the action.

The judgment of the district court is therefore reversed and the cause remanded for a trial.