### UHR v. COULTER et al.

(Supreme Court, Appellate Division, First Department. April 20, 1916.)

BANKRUPTCY ⬤◁⬤475—ACTIONS BY TRUSTEE—CONDITIONS PRECEDENT—SECURITY FOR COSTS.

> The trustee in bankruptcy, who has no assets except the claim in suit, should be required to file security for costs before being permitted to sue, if there is no prospect of his succeeding in the action.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 885; · Dec. Dig. ⬤◁⬤475.]

Appeal from Special Term, New York County.

Action by Phillip E. Uhr, trustee, against David Coulter and others. From an order denying motion requiring plaintiff to file security for costs, defendants appeal. Reversed, and motion granted.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Paul M. Crandell, of New York City, for appellants. ·

PAGE, J. The plaintiff is a trustee in bankruptcy. The complaint alleges that he has been authorized to bring this action by an order of the United States District Court duly made and entered. This is denied in the moving affidavit, and the statement made that such an application was made to the referee in bankruptcy, who refused to make the order unless and until he was satisfied that the condition of the bankrupt's estate warrants the making of the order, or the creditors whom the trustee represents stand ready to pay the costs of an unsuccessful suit. These statements are not denied by the trustee. The trustee in bankruptcy has no assets except the claim in suit, and there seems to be no prospect of his succeeding in the action. He should have been required to give security for costs. Graham v. Aschenbach, 136 App. Div. 447, 120 N. Y. Supp. 882.

The order is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

---