State ex rel. Malouf v. Merrill, 165 Wis. 138.

STATE EX REL. MALOUF, Administratrix, vs. MERRILL, Acting Judge.

*January 16—February 13, 1917.*

*Appeal: Undertaking, when not required: Attorney not bound to furnish, though prosecuting for contingent fee and having lien on recovery.*

Although a tort action is being prosecuted by plaintiff's attorneys under a contract, made pursuant to secs. 2591*a*, 2591*m*, and 2591*n*, Stats., that their fees shall be contingent on the result and that they shall have a lien on the cause of action and on the damages recovered, and although said attorneys are able to furnish the undertaking required by sec. 3052 on appeal, they are not to be considered as in effect parties to the action, and so liable for costs or bound to furnish such undertaking, especially in view of sec. 2590, which prohibits attorneys from becoming sureties for their clients; and if the plaintiff is unable to furnish the undertaking, he is entitled to a certificate of that fact as provided in sec. 3052*m*, and the undertaking need not be given.

MANDAMUS. Original action in this court. Upon petition of relator an alternative writ was issued by this court. The facts set forth in the petition, omitting the merely formal allegations and stating only those material to a determination of the issue, are as follows: Richard Malouf, a child under four years of age, was killed by one of the cars of the Wisconsin Public Service Company. His mother, *Florence Malouf,* was appointed administratrix of his estate, and commenced an action against the Service Company for damages. The result of the trial was a verdict by the jury in favor of the Service Company. Upon motion for a new trial the municipal court, acting through *Carlton Merrill,* denied the motion and rendered judgment in favor of the Service Company. Thereafter the administratrix obtained an order to show cause why the acting municipal judge should not issue the certificate provided by sec. 3052*m,* Stats., and directed to be issued upon an appeal to the supreme court when it appears that the appellant is unable to give the bond otherwise required by law. Upon the hearing of this order to show cause *Florence Malouf,* the administratrix, and the Service Company entered into a stipulation of facts, upon which stipulation the question as to whether or not a certificate should be issued was submitted to the acting municipal judge. In addition to the foregoing facts briefly stated, the stipulation set forth

"That William Malouf is the father of said deceased and the husband of the plaintiff, living with her, and is a laboring man earning no more than is necessary to provide for the support of the plaintiff and his family and that he has no money, means, or property other than his daily wage;

"That the estate of Richard Malouf has no money, means, or property of any kind, nature, or description whatsoever, except the cause of action for his death as aforesaid;

"That said plaintiff, *Florence Malouf,* is wholly without money, means, or property of any kind, nature, or description whatsoever, other than her interest in the cause of action aforesaid;

"That this action was commenced, maintained, and prosecuted by the said plaintiff under a contract and agreement duly entered into between her and Minahan & Minahan, her attorneys, to prosecute the same on a contingent fee, and wherein and whereby such attorneys have been duly given a lien upon such cause of action and upon the proceeds or damages derived in such action, as security for their fees in the conduct of such litigation, and that such fees are contingent upon the result of said action and consist of a certain percentage and part of any proceeds or damages recovered in said action; and that said contract is the contract, and the lien given to said attorneys is the lien, provided for in secs. 2591a, 2591m, and 2591n of the Wisconsin Statutes, and that said attorneys are financially amply able to furnish the undertaking required by sec. 3052 of said statutes, on appeal, or to purchase the same from a bonding company;

"That the plaintiff and her said husband are unable to furnish said undertaking unless the same is furnished by the said attorneys; and that said attorneys for the plaintiff refuse to and will not furnish or provide the undertaking required by said sec. 3052.                                   •

"Dated September 28, 1916."

' Upon an order to show cause *Judge Merrill* refused to issue the certificate, holding that it was the duty of the attorneys in the case to give the bond.    Thereupon an alternative writ of *mandamus* was issued by this court upon the petition of the relator, and respondent demurred.

For the relator there was a brief by *Minahan & Minahan* of Green Bay, and oral argument by *V. I. Minahan.*

For the respondent there was a brief by *Greene, Fairchild, North, Parker & McGillan* of Green Bay, and oral argument by *James H. McGillan.*

ROSENBERRY, J.    The material part of sec. 3052m, Stats., is as follows:

"The bond required by section 3044 of the statutes on the issuance of a writ of error and the undertaking required by section 3052 of the statutes on an appeal shall not be re-

quired if . . . the party desiring the writ of error or the taking of an appeal is unable to furnish such bond or undertaking; provided, however, that such certificate shall not be made except upon notice to the parties interested."

The trial court in its decision said:

"My findings are intended to establish that the plaintiff, her husband, and the estate of Richard Malouf, deceased, are each of them, jointly and severally, unable to furnish said undertaking unless the same is furnished by said attorneys for the plaintiff, who are amply able so to do.

"The sole question before me, therefore, is: Is the plaintiff, who has made a contract with her attorneys to prosecute her action for a contingent fee, in this state, where the statute recognizes such contracts as valid and gives the attorney a lien for his fee on the cause of action and the proceeds recovered by judgment or settlement, entitled to the certificate that she is unable to furnish the undertaking required by sec. 3052 of our statutes on appeal?"

"I will refuse to make the certificate solely upon the ground that the attorneys for plaintiff have a beneficial interest in the result of the action and easily can furnish the necessary undertaking on appeal, and the facts, as found above, do not bring the plaintiff within the terms of sec. 3052m."

Secs. 2591a and 2591m are as follows:

"Section 2591a. Any person having or claiming a right of action, sounding in tort or for unliquidated damages on contract, may contract with any attorney to prosecute the same and give such attorney a lien upon such cause of action and upon the proceeds or damages derived in any action brought for the enforcement of such cause of action, as security for his fees in the conduct of such litigation; when such agreement shall be made and notice thereof given to the opposite party or his attorney no settlement or adjustment of such action shall be valid as against the lien so created, provided that such agreement for fees shall be fair and reasonable, and this section shall not be construed as changing the law in respect to champertous contracts."

"Section 2591m. If any such cause of action shall have

been settled by the parties thereto after judgment has been procured without notice to the attorney claiming such lien, such lien may be enforced and it shall only be required to prove the facts of the agreement by which such lien was given, notice to the opposite party or his attorney and the rendition of the judgment, and if any such settlement of the cause of action is had or effected before judgment therein, then it shall only be necessary to enforce said lien to prove the agreement creating the same, notice to the opposite party or his attorney and the amount for which said case was settled, which shall be the basis for said lien and it shall at no time be necessary to prove up the original cause of action in order to enforce said lien and suit."

It is urged on behalf of the respondent that secs. 2591*a* and 2591*m* in effect make the attorneys for a suitor circumstanced as therein stated parties to the action; that the prosecution of the appeal is partially at least for the benefit of the attorneys, and that therefore, where able to do so, they should be required to furnish the security required by the statute.    Such was the holding in *Feil v. Wabash R. Co.* 119 Fed. 490; *Esquibel v. A., T. & S. F. R. Co.* 206 Fed. 863; and *Silvas v. Arizona C. Co.* 213 Fed. 504.

"Section 2590. No attorney practicing in this state shall be taken as bail or security on any undertaking, bond or recognizance in any action or proceeding, civil or criminal, nor shall any practicing attorney become surety on any bond or recognizance for any sheriff, constable, clerk of court or justice of the peace."

At common law it was champertous and illegal for a lawyer to encourage litigation by agreeing to bear the costs thereof and to receive no compensation except in case of recovery.    *Stevens v. Sheriff,* 76 Kan. 124, 90 Pac. 799, 11 L. R. A. N. s. 1153.    However, by legislative enactment attorneys are given a lien upon the cause of action to secure payment of their fees, and this irrespective of whether or not the lawyer will be compensated in the event his client does not recover.    We think, however, having in view the purpose

of the statute, that it was not the legislative intent that attorneys at law under such circumstances should thereby in effect be made parties to the action and so liable for costs. Such a construction ignores entirely the provision of sec. 2590 which prohibits attorneys from becoming sureties for their clients. While we do not question the wisdom of the legislature, we are not disposed to extend the statute beyond its plain terms. The statute requires the *party* desiring the writ of error or the taking of the appeal to furnish the security or to make a showing that he is unable to do so. We are of the opinion that under such circumstances as are shown by this record the attorneys are not parties to the action and that the effect of the statute is not to make them such, but simply to secure to them fair and just compensation for services rendered to worthy but indigent clients.

*By the Court.*—The demurrer to the petition is overruled.