## MANUEL RODRIGUES POA *v.* PHILIP L. RICE.

### No. 1334.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. C. S. FRANKLIN, JUDGE.

ARGUED JULY 12, 1921.                    DECIDED JULY 19, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

APPEAL AND ERROR—*costs—security for.*

Under section 2272 R. L. 1915 a circuit judge is given a wide discretion in the matter of requiring either party to give security for costs and such an order will not be reversed on appeal unless it appears that it will work special prejudice to appellant's rights.

Costs—*motion for security—time of making.*

> Defendant's motion that plaintiff be required to give security for costs and an order based thereon after answer filed does not come too late unless it appears that plaintiff's rights are prejudiced by the delay.

OPINION OF THE COURT BY KEMP, J.

This is an interlocutory appeal by the plaintiff from an order requiring him to give security for costs in the sum of $300. The complaint was filed on November 20, the answer on December 13, 1920, and defendant's motion that the plaintiff be required to give a bond for costs on May 4, 1921. The motion in itself does not set forth the facts on which defendant relies but concludes with "this motion is based upon the record and files herein and the affidavit of Alfred L. Castle hereto annexed, marked exhibit A and made a part hereof." The affidavit after setting forth that affiant is attorney for defendant states: "that as set forth in the complaint herein the alleged cause of action accrued in the County of Kauai, in the fifth judicial circuit, by which plaintiff appeared before a district magistrate at Lihue, County of Kauai, on a charge of larceny; that the charge for which plaintiff was obliged to appear arose out of certain acts in the County of Kauai; that affiant investigated the claim as set forth in the complaint with the said defendant at Lihue and is thoroughly convinced that said cause is without foundation or merit; that as a result of said investigation and the consideration of testimony to be introduced, affiant believes, and on such belief so alleges, that not less than ten witnesses, all of them residents of the County of Kauai, will be subpoenaed by defendant; that the expense of bringing and returning such witnesses, together with attendance at trial, will probably be in the neighborhood of $500 plus other costs of court; that affiant is informed and believes, and on such information and belief so

8

alleges, that plaintiff herein, Manuel Rodrigues Poa, has no property in this Territory sufficient to satisfy a judgment for costs against him, or any property at all subject to execution."

In addition to the facts set forth in the affidavit the record discloses that plaintiff is a resident of Honolulu in the first circuit—the circuit in which this cause is pending—and that defendant is a resident of Lihue in the fifth circuit. It also appears that in addition to the affidavit the oral testimony of A. L. Castle was taken at the hearing on the motion and the order appealed from shows on its face that it was based partly on the testimony given at the hearing but there is no transcript of that testimony in the record. The statute under which the circuit judge proceeded provides that circuit judges at chambers have authority "to require either plaintiff or defendant upon the application of the opposite party to give security for costs in any civil cause upon such terms and conditions as the judge shall deem just" (Sec. 2272, subdiv. 10, R. L. 1915).

Counsel for the plaintiff make two principal contentions, first, that the making of the order in question constituted an abuse of discretion, and second, that as the defendant's motion was filed after answer it was too late. Counsel for defendant point out that the legislature has not specified what circumstances shall be shown in order to justify the requiring of security nor has the legislature specified when or within what time application for security shall be made, and argue that under such a statute a wide discretion must be reposed in the circuit judge as to what state of facts would justify the requirement and when and within what time the application for security shall be made. Since the motion gave no notice that the defendant would rely upon any facts other than those disclosed by the record and the affidavit we think that the

sufficiency of the showing is to be judged by those facts alone. It must be clear that no hard and fast rule can be laid down as to what facts must be shown in order to justify the circuit judge in making such an order. This court can say no more than that the making of such an order is within the sound discretion of the circuit judge and that the order will not be reversed on appeal unless it appears that it will work special prejudice to appellant's rights. (*Stewart* v. *The Sun,* 36 Fed. 307.) Sec. 2272 vests in the circuit judge a wide discretion but this discretion should be exercised in furtherance of that wise and beneficent principle of law almost universally recognized that no man who has suffered a wrong shall be denied redress in the courts by reason of his poverty. The application of this principle leads to the conclusion that the making of an order requiring a litigant to give security for costs, the enforcement of which would deny him that right, would constitute an abuse of discretion. (*Stevens* v. *Sheriff,* 76 Kan. 124, 90 Pac. 799, 11 L. R. A. (N. S.) 1153.) This would be true for instance of an order requiring a bond in an excessive amount to be given by any litigant or the giving of any bond by one wholly unable because of his impecuniosity to furnish such security.

Counsel for plaintiff have argued that the enforcement of this order will deprive him of the right to have his case heard yet they admit that there is nothing in the record other than the facts contained in the affidavit, and above quoted, to support this argument. While we think that the facts set forth in the latter part of the affidavit to the effect that plaintiff has no property in this Territory sufficient to satisfy a judgment for costs against him or any property at all subject to execution have a tendency to support plaintiff's contention yet we are unable to say from these facts alone that the enforcement of the order

will work special prejudice to plaintiff's rights or in fact be of any greater inconvenience to him than the enforcement of such an order would be to the average litigant. If he can as a matter of fact furnish the bond required, which is in a very moderate amount, his right to have his case heard will not be denied him.

The circuit judge must have concluded that the other facts set forth in the affidavit which show that the expense of this litigation will be out of the ordinary were sufficient to justify him in requiring the plaintiff to give security for costs in the absence of a showing that the enforcement of such order will deprive plaintiff of the right to have his case heard. We are unable to say that his decision in this respect was error. In fact we think that the circumstance that the defendant will be required to incur the extraordinary expense of bringing a large number of witnesses to court from a distance is strong reason why the circuit judge should exercise his discretion to require security of the plaintiff in order that the defendant may more easily recoup this expense in the event he is successful in securing a judgment for his costs. We conclude that the circuit judge in making the order in question is not shown to have abused the discretion reposed in him by the statute.

The other question raised by the plaintiff to the effect that defendant's motion for security came too late we do not regard as meritorious. There is nothing in the record to indicate that defendant's delay in making his motion until after answer was filed will in any way prejudice the rights of plaintiff. It will occasion him no more inconvenience to comply with the order now than before the filing of the answer. We are not to be understood as holding that a defendant might not be precluded by delay from the right to urge such a motion. It is true that in some of the states where a defendant is given the

right to demand security for costs of nonresident plaintiffs it is held that the demand must be made before answer filed. (*Sciutti* v. *U. P. Coal Co.,* 85 Pac. (Utah) 1011; *Lavange* v. *Burke,* 50 Ala. 61.) But this rule is by no means universal even under such statute. In *Wicker* v. *Elmira Heights,* 59 N. Y. S. 130, it is said: "The plaintiff is not prejudiced by the fact that the defendant has answered before he has applied. On the contrary it would seem the more reasonable rule that the defendant by answering manifests his intention in good faith to defend before he ask that the plaintiff be made to secure his costs. Although not without some hesitancy because of the contrary rule which has long been held in the first and second departments (*Henderson, Hull & Co.* v. *McNally,* 33 App. Div. 132, 53 N. Y. Supp. 351; *Segal* v. *Cauldwell,* 22 App. Div. 95, 47 N. Y. Supp. 839), we conclude to hold that the delay to ask for such security until after answer should not be charged against the defendant as an unreasonable delay, and should in no way affect his absolute right to the order given him by section 3272. We do not think that such rule has prevailed in the other departments of the state and we are of the opinion that it ought not to be enforced against this appellant in this case." This we think to be the more reasonable rule and is supported by the holding in *Stewart* v. *The Sun, supra.*

The order appealed from is affirmed.

*L. Andrews* (*Andrews & Pittman* and *O. P. Soares* on the brief) for plaintiff.

*A. G. M. Robertson* (*Robertson, Castle & Olson* on the brief) for defendant.