No. 29,354.

JOHN F. HANSON, *Appellant,* v. DAN KRAMER et al., *Appellees.*

(292 Pac. 788.)

Opinion filed. November 8, 1930.

*John F. Hanson,* of Colorado Springs, Colo., *pro se.*

*Frank O. Johnson, J. R. Rhoades, P. J. Galle, James L. Galle* and *Edwin Anderson,* all of McPherson, for the appellees.

The opinion of the court was delivered by.

JOCHEMS, J.: This is an appeal from an order of the district court adjudging a poverty affidavit given by the plaintiff to be untrue, and dismissing the action at the cost of the plaintiff. He has appealed to this court.

The appellees have filed a motion to dismiss the appeal for the reason that the appellant has never filed a transcript of the evidence in the office of the clerk of the district court as required under R. S. 60-3311. It appears that the evidence introduced was very brief and consisted principally of testimony of the plaintiff. It is true that no transcript was filed by the plaintiff with the clerk of the district court, but it appears that a transcript was obtained by the appellees and a counter abstract has been filed by them herein. It appears, further, that the original transcript is now on file with the clerk of this court. In view of this situation the motion to dismiss is overruled.

On October 9, 1929, the plaintiff filed four separate actions in the district court of McPherson county, against four different defendants. In each action he filed a poverty affidavit in lieu of a bond for costs or a cash deposit as provided in R. S. 60-2401. After the defendants in these actions had been served with summons each defendant came into court and filed a motion to dismiss the action on the ground that the poverty affidavit filed by the plaintiff was untrue; that plaintiff is not a pauper as contemplated in the statute; that the affidavit was a gross abuse of the courts of the state and of the legal process of the courts. At the hearing of this motion in the case now at bar, by agreement of the parties, the four motions were considered at the same time by the court. The same evidence was offered by the various defendants in support of their respective motions to dismiss. After hearing the evidence the court entered a journal entry in which the following findings were made:

"It is found and adjudged by the court that the mother of John F. Hanson, to wit: Lisa Hanson, died in the county of McPherson, on the 22d day of March, 1929; that prior to her death she had duly made and executed a last will and testament in which last will and testament she had bequeathed to the said John F. Hanson the sum of $1,000, which will be paid to him as soon as the estate is closed; and said estate has ample means to pay said legacy.

"It is also found and adjudged by the court that Otto A. Hanson, executor of the estate of Lisa Hanson, deceased, has in his possession and control the

sum of $500 which said executor is ready and willing to pay to said John F. Hanson, any time that he will accept the same.

"That the poverty affidavit of said John F. Hanson is not true."

The above findings were followed by an order reading:

"It is therefore considered, ordered and adjudged by the court that the plaintiff's action filed herein be and the same is hereby dismissed at the plaintiff's costs, taxed in the sum of $——, for which let execution issue forthwith."

The appellant urges, among other specifications of error, that the court below erred in dismissing the actions without giving him a reasonable time in which to give security for costs. The record in this case shows, in addition to the findings hereinbefore set out, that between 1901 and 1929 the appellant filed over forty lawsuits in the district court of McPherson county in which he was plaintiff. These he filed upon poverty affidavits. It appears further from the record that he has sued the supreme court of the state of Kansas twice, the probate court of McPherson county once, the district court of McPherson county twice, and the district court of Saline county once. From this it is evident that he has had a great deal more service from the courts and officers of the state than is usually rendered to the average citizen. It is also clear that the courts of this state have been very patient with him.

However, under our law provision is made permitting one who is unable to give security for costs to sue in *forma pauperis*. This method has been provided by the legislature and is founded upon a sound public policy, namely, that the courts of the state shall be open to the poor as well as the rich and that the poor man having a just cause of action shall be entitled to the service of our courts and its officers even though he has no means to guarantee the payment of costs.

R. S. 60-2401 provides that in lieu of giving a bond for costs or making a cash deposit a person who is unable to do either may file what is commonly known and referred to as a poverty affidavit. This was done by the appellant in the case at bar.

Did the court err in dismissing the actions after hearing the evidence and finding the poverty affidavit in each case was untrue?

The appellant makes the contention that instead of dismissing the actions the court should have made an order giving him a reasonable time within which to give security for costs. In support of his contention he cites the case of *Obertino v. Mining Company*,

87 Kan. 297, 124 Pac. 172. It appears that in that case the plaintiff did give a bond for costs. The defendants moved to dismiss the action because the bond given did not comply with the statutory requirements and had not been approved by the clerk, and that the surety on the bond was not financially responsible. The trial court sustained the motion and dismissed the action. Upon appeal the court held:

"Where a party attempts to comply with the law in giving a cost bond and it is for any reason defective the cause should not be dismissed until the party is given an opportunity to give a proper bond or sufficient security of the kind required by the statute." (Syl. ¶ 3.)

In the case at bar no security of any kind was given for costs, but under the provisions of R. S. 60-2401, *supra,* the plaintiff filed a poverty affidavit in lieu of giving security for costs.

R. S. 60-2404 provides:

"In any action pending in the district court, whether such action was originally commenced in that court or came there on appeal, the party against whom judgment or relief is sought may, at any time before judgment after reasonable notice to the adverse party, move the court for *security* or additional security for costs, whether the costs in such action have been secured by a *deposit of money or otherwise;* and if on the hearing of such motion the court shall sustain it, the action may be dismissed unless in a reasonable time, to be fixed by the court, sufficient security shall be given by the party adjudged to give it."

The appellant urges this court to apply the provisions of the statute last quoted to the case at bar. There is nothing in the record to show that the appellant at any time brought the point which he is now urging upon this court to the attention of the trial court. It does not appear that following the time the court made a finding that the poverty affidavits were untrue the appellant then asked the court to allow him a reasonable time within which to give security for costs. There is nothing in the record to show that the appellant at any time offered to give security for costs other than the poverty affidavits. Nor does it appear that the appellant is now offering to give security for costs. He urges the failure of the court to give him a reasonable time as a ground for reversal, but at the same time makes the further contention that the findings of the court are unsupported by and are contrary to the evidence. The appellant asks this court to make a reversal on a point which was not presented to the trial court and which does not appear to be in the record. This court has repeatedly refused to reverse a trial court under such circumstances. We can-

not sustain the appellant's contention. The appellant urges that the findings of the court are contrary to the evidence. A review of the record shows that there is evidence to support the findings, and in view of the many decisions of this court covering such a situation we will not set aside the findings of the trial court.

We have examined the other specifications of error urged by the appellant, and after careful consideration of the record before us in this case we find no reversible error therein.

The judgment of the district court is affirmed.