No. 34,280

HARRY WILSON, *Appellee*, v. E. C. STANSBURY, *Appellant*.

(100 P. 2d 649)

Opinion filed April 6, 1940.

*Gale Moss,* of El Dorado, for the appellant.
*W. H. Coutts, Jr.,* of El Dorado, for the appellee.

The opinion of the court was delivered by

HOCH, J.: Defendant appeals from a money judgment in the district court, on the ground that that court did not have jurisdiction of the cause because the plaintiff had sworn falsely as to his property in a poverty affidavit filed in the county court in lieu of bond to secure costs of appeal to the district court.

Plaintiff's judgment in the county court was for $17.05, with assessment of $7.30 in costs against him and of $31.75 against the defendant. Being dissatisfied with the judgment he appealed to the district court, and on May 6, 1939, filed a poverty affidavit under the provisions of G. S. 1935, 61-1002. The affidavit was accepted by the county court, without objection being made, and the appeal was perfected. The case was tried before a jury in district court in December, 1938, and the plaintiff given a judgment for $160. During cross-examination the plaintiff testified as follows:

"Q. What farming equipment do you have that is your own? A. I have got everything but the horses.

"Q. What does that mean? What does that include? A. That includes a disk, binder, lister, cultivator, mowing machine, go-devil, rake, harness, wagon.

"Q. You don't have any horses now? A. No, sir.

"Q. You haven't had any horses since your horses died over on the Stansbury place? A. No, sir.

"Q. Do you have an automobile now? A. I have.

"Q. The same one you had at the Stansbury's? A. Yes, sir.

"Q. What kind of car is it? A. It's a Model T now.

"Q. Model T Ford? A. Yes, sir.

"Q. Sedan? A. Yes, sir.

"Q. What year? A. 1932.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. Did you have all this property at the time you filed your appeal up here? A. I did.

"Q. You filed a poverty affidavit so you wouldn't have to put up a bond on appeal, didn't you? A. Yes, sir.

"Q. You signed an affidavit you didn't have any security to put up for costs? A. No, sir.

"Q. You didn't sign it? A. No, sir; not that I know of.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. You did own all of that property at the time you signed that affidavit that was filed in court? A. I did."

Whereupon, the defendant demurred to the evidence on the ground that no cause of action had been established and that the court was without jurisdiction because the plaintiff had filed a false poverty affidavit in lieu of an appeal bond. From the order overruling the demurrer the defendant appeals.

We can give no consideration to the first ground of the demurrer, since no record of the plaintiff's evidence on the main controversy has been submitted for our examination.

As heretofore noted, no objection was made in the county court to the poverty affidavit which was filed on May 6, 1938. It was accepted by the county court and the appeal perfected. The case did not come to trial in the district court until about seven months later. No motion challenging the jurisdiction of the district court on the ground of the falsity of the affidavit was filed, nor was the regularity of the appeal in any way questioned until after a jury had been selected, the plaintiff had testified and the answers heretofore recited had been given on cross-examination. Under such circumstances we find no necessity of examining the question of whether the property listed by the plaintiff would have been sufficient to enable him to give bond to secure payment of costs if the issue had been earlier raised, and with opportunity, upon notice, to meet it. Nor do we need to consider appellee's contention that the property listed is all exempt from attachment and therefore not to be in-

cluded in determining whether the plaintiff was entitled to appeal on a poverty affidavit. The affidavit, accepted by the county court, was regular upon its face, the district court had acquired jurisdiction, and we find no error in refusing to dismiss the action when the issue was first raised on demurrer to plaintiff's evidence.

In *Mining Co. v. Robinson*, 67 Kan. 510, 73 Pac. 102, it was held that refusal of the trial court to require plaintiff to give security for costs in lieu of a poverty affidavit filed with the petition—"even if the ruling be erroneous"—did not justify reversal where a judgment had been rendered for the plaintiff, which the court found should be affirmed on its merits. (See, also, *Farmer v. Warner*, 64 Kan. 878, 68 Pac. 1127; *Glover v. State Highway Comm.*, 147 Kan. 279, 288, 77 P. 2d 189.)

Appellant cites *Hanson v. Kramer*, 131 Kan. 491, 292 Pac. 788. But in that case the plaintiff, when he filed his original action, filed a poverty affidavit in lieu of bond for costs or cash deposit, and the defendant filed a motion asking that the action be dismissed on the grounds that the affidavit was untrue, and upon hearing directly on the issue the court found that the affidavit was untrue; that the plaintiff had a very substantial amount of cash immediately available and dismissed the action. This court said that in such a situation the dismissal was not error.

The case of *Stevens v. Sheriff*, 76 Kan. 124, 90 Pac. 799, is cited by appellant in support of the contention that where a poverty affidavit is given in lieu of costs a motion for additional security would have been unavailing, and that therefore he was entitled to await development of facts during the trial in the district court. We find nothing in that case to support such a view. In that case the trial court ordered the plaintiff, or someone in his behalf, to give additional security for costs, without any finding that he was financially able to do so or of any fact indicating that he was not entitled to proceed, under his poverty affidavit. This court held that the trial court had abused its discretion in dismissing the action.

The plaintiff prevailed in the instant case, and no direct attack is made upon the judgment. Aside from the contention that the district court was without jurisdiction to hear the cause, by virtue of the statements made by the plaintiff on cross-examination concerning his property, no prejudicial error is assigned. We find that the trial court had acquired jurisdiction, and that no abuse of discretion or other prejudicial error is shown by the record.

The judgment is affirmed.