WILFRED HANSEN *v.* AH BUN LAU, DOING BUSINESS AS THE FISK TIRE CO. OF HAWAII.

No. 2482.

SUBMITTED MAY 19, 1941.                    DECIDED MAY 24, 1941.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

This is an appeal (allowed by the presiding judge) from an order denying, without prejudice, defendant's motion under paragraph 10 of section 3644, R. L. H. 1935, for an order requiring plaintiff to give security for costs. Defendant's affidavit in support of his motion alleges that he has a meritorious 'defense to plaintiff's action; that plaintiff is a nonresident and has no property within the jurisdiction of the court upon which execution could be levied to satisfy a judgment for costs; that it will be necessary for defendant to have witnesses testify by deposition in Detroit, Michigan, and Portland, Oregon, and to employ attorneys in these cities to attend upon the taking of the depositions, and that the expense of taking the depositions, including attorneys' fees, will be from $250 to $300.

That plaintiff is a nonresident is not controverted; that he has no property within the jurisdiction of the court is denied by the affidavit of plaintiff's counsel, wherein it is alleged: "That several days prior to the filing of the Complaint in this case deponent had a conversation with the defendant herein who stated that the plaintiff's car alleged in the Complaint was in the defendant's possession, that he was ready and willing to return the said car to the plaintiff and also gave a value on said car which your deponent cannot now distinctly recall but to his best knowledge and belief states that the defendant placed a value of from TWO HUNDRED

FIFTY AND NO/100 DOLLARS ($250.00) to THREE HUNDRED AND NO/100 DOLLARS ($300.00) on said car." In his counteraffidavit defendant does not deny that he has in his possession the automobile in question but alleges "that no more than $200, if that amount, can be realized by a cash sale of said car; that the plaintiff's alleged or implied equity, if any, does not, nor can it exceed any amount which might be realized from a cash sale of the aforesaid car, less costs and expenses incurred in reducing said alleged or implied equity to cash, which by so doing, will reduce the cash value of the alleged or implied equity, if *any equity* in favor of the plaintiff exists, to a sum of less than $200."

The foregoing being the only evidence bearing on the question of whether or not the plaintiff had property within the jurisdiction of the court sufficient to secure defendant his costs in the event he should prevail and become entitled to a judgment for costs, the circuit judge denied the motion "without prejudice to the rights of the defendant in renewing the motion during the course of proceedings upon proper showing that the resources for such costs are inadequate."

The evidence before the circuit judge bearing upon the ownership of the automobile in question is susceptible of two interpretations, one that plaintiff owns it or has "an equity" in it of sufficient value to secure the probable taxable costs, the other that he does not own nor have any interest in said automobile. The language of the circuit judge, above quoted, indicates that he found that the plaintiff owned or had an interest in the automobile of sufficient value to make it unnecessary at the time to require him to further secure the payment of costs which might be adjudged against him.

Under section 3644, R. L. H. 1935, a circuit judge is given a wide discretion in the matter of requiring either

party to give security for costs, and such order will not be reversed on appeal unless it appears that it will work special prejudice to appellant's rights. (*Poa* v. *Rice*, 26 Haw. 112.)

We think it is clear that if attorneys' fees are incurred by defendant in the taking of depositions they will not be taxable as costs. The only attorney's fees which defendant would be entitled to have taxed as costs, in the event he prevails and becomes entitled to costs, are the fees allowed in assumpsit by section 3800, R. L. H. 1935, and in this case would amount to only $38.75. Costs are only recoverable by force of a statute. (*Young Chun* v. *Robinson*, 21 Haw. 368.) His affidavit as to the amount of expense which he would have to incur in the taking of depositions is, in so far as it includes attorney's fees, immaterial.

No commission to take depositions has issued or been applied for. There is no showing that an open commission will issue or be applied for. In the taking of depositions on written interrogatories and cross-interrogatories, the services of an attorney at the place where the deposition is to be taken are not required.

The affidavits to which we have referred constitute not only the evidence but are also the pleadings upon which the issue before the court was presented. "If, * * * there be ambiguity in the pleading, * * * such interpretation must be given as will support the judgment, if such an interpretation be reasonable." *Donald* v. *Phillips*, 13 S. W. (2d) 74, 76.

The decision of the circuit judge is consistent with a reasonable interpretation of the affidavit of plaintiff's counsel and the answering affidavit of defendant, which may be reasonably interpreted as weakening the positive allegation in his first affidavit to the effect that plaintiff had no property within the jurisdiction. The legal effect

of that portion of the order denying the motion which permits the defendant to renew his motion, if it should later appear that the resources available are inadequate to secure costs, preserves to him the means of protecting himself against changed conditions as to the existence and value of property available for his security.

Defendant argues that since the automobile in his possession is involved in the litigation it cannot be considered an asset of plaintiff. He cites *Graham* v. *Aschenbach*, 120 N. Y. S. 882, 136 App. Div. 447. But the facts to which we have referred take this case out of the rule announced in the cited case.

We conclude that the circuit judge did not abuse the discretion reposed in him in denying the motion. The order appealed from is affirmed.

*K. B. Dawson* for defendant-appellant.

*K. E. Young* for plaintiff-appellee.