No. 37,884

ANNA SMITH, *Appellant*, v. THE CITY OF EMPORIA, a municipal corporation, Lyon County, Kansas, *Appellee*.

(219 P. 2d 451)

Opinion filed June 10, 1950.

*Patrick J. Warnick,* of Wichita, argued the cause, and *Alan B. Phares,* of Wichita, and *Frank F. Eckdall,* of Emporia, were with him on the briefs for the appellant.

*James W. Putnam,* of Emporia, argued the cause, and *Richard Mankin,* of Emporia, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages alleged to have been sustained when plaintiff slipped and fell into a drain on the edge of a city street. Defendant's demurrer to plaintiff's petition was sustained. Plaintiff has appealed.

The petition alleged plaintiff made claims for damages pursuant to G. S. 1935, 12-105, and also pursuant to G. S. 1935, 14-441; that on a designated corner in the city a gasoline filling station was maintained; that within about six feet of the corner there was an open drain two and a half feet wide and about two feet deep and the street sloped into this drain; that on August 17 and for about twelve months prior thereto an oil company had washed automobiles and had caused mud water, oil and debris to flow across the sidewalk, down the driveway into the open drain; that there had accumulated a layer of mud, oil, grease and debris immediately adjacent to this drain; that this accumulation extended in all directions and had existed for such a great length of time that the city should have had notice of it and should with reasonable care have remedied it. The petition further alleged that on August 17, 1947, plaintiff was proceeding west on Tenth avenue and as she approached this corner walking in a careful manner, as she attempted to cross Tenth street she slipped and fell and her body was propelled into the drain and she was injured. The petition then set out some eight particulars in which her fall and slipping into the drain was caused by the negligence of the city; in permitting the accumulation in such a manner as to endanger the citizens using the streets and sidewalks; in permitting such a condition for a period of twelve months so that it should have had notice of its existence; in permitting the accumulation in such a manner that the condition could have been remedied by it; in permitting the condition and failing to remove it; in permitting the condition and failing to warn people of it; and several characterizations of about the same import. After describing plaintiff's injuries, the petition prayed for $30,000 damages. Copies of the claims were attached to the petition.

Defendant filed a motion to strike and to require plaintiff to make her petition more definite and certain in various particulars. This motion was overruled in part and sustained in part. Subsequently the plaintiff filed an amended petition in which she attempted to comply with the court's ruling. In this petition she stated that she attempted to cross Tenth street about ten feet west of the intersection of Tenth and Commercial. Defendant again filed a motion asking that plaintiff be ordered to make her petition more definite and certain, by stating whether she attempted to cross on the north or south of Tenth street, or on the sidewalk, crosswalk, driveway or elsewhere. This motion was sustained. The defendant also filed a motion that plaintiff be required to state how far the accumulation

extended in each direction from the drain; that she be required to state whether she was walking on the sidewalk or in the street, where she attempted to cross Tenth street; whether she fell upon the sidewalk or the crosswalk or in the street. This motion was overruled.

Subsequently plaintiff filed an amendment to her amended petition in two paragraphs, as follows:

"Plaintiff further alleges as an amendment to paragraph 2 of page 2 of her amended petition that on the 17th day of August, 1947, this plaintiff was proceeding in a westerly direction on 10th Avenue and approaching the intersection of 10th Avenue and Commercial Streets in the City of Emporia, Lyon County, Kansas. That as said plaintiff proceeded, as aforesaid, she was walking on the sidewalk, which is situated on the South side of 10th Avenue and she proceeded in a Westerly direction on said sidewalk until she reached a point where the driveway of a filling station intersected said sidewalk, said driveway being approximately 10′ in width, and the West side thereof being approximately 10 to 15′ East of the curb line of Commercial Street. That as she reached said driveway, this plaintiff proceeded down said driveway towards 10th Avenue in a Northwesterly direction.

"Plaintiff amends paragraph 4 of page 2 of plaintiff's amended petition in the following respects. That as this plaintiff attempted to cross 10th Avenue, at approximately 10′ East of the intersection of 10th Avenue and Commercial Streets, her feet contacted said accumulation and defect, as aforesaid; and this plaintiff slipped and fell and was thrown in such manner that her body was propelled down the sloping sides of said street and into said open drain, as hereinbefore described. That in slipping and falling this plaintiff fell into said open drain in such manner that her right leg went down into the opening of said drain, the full length thereof, up to and including her right hip. That the impact was so severe that this plaintiff was thrown suddenly and violently against said street and into and against the opening and inner-portions of said drain, and as a result thereof this plaintiff sustained severe personal injuries, as hereinafter set out. That at the time thereof this plaintiff was starting across 10th Avenue in a Northwesterly direction, having proceeded from the East towards the West to a point where a driveway intersects the sidewalk on the South side of 10th Avenue. That immediately prior thereto plaintiff had been walking West on said sidewalk, arrived at said driveway, turned in a Northwesterly direction and proceeded down and across said driveway towards Tenth Avenue, which she intended to cross."

Subsequently the defendant filed a motion to dismiss the action because the plaintiff had failed to state the exact location where she claimed to have been injured. This motion was overruled.

The defendant then demurred to the amended petition on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained. Hence this appeal. The specifications of error are that the trial court erred in sustaining

the demurrer and in decreeing that the petition did not state a cause of action.

Plaintiff bases her argument that the petition stated a good cause of action on the fact that she pleaded a patent defect in the street of which the city had constructive notice and that the city is liable for such a defect. She meets the argument that her petition showed her to be guilty of contributory negligence by pointing out that where the facts are such that reasonable men might differ, the question of contributory negligence is for the trier of facts. In this connection she points out that she had a right to presume that the street was a safe place upon which to walk.

The final amendment to the petition quoted above discloses that plaintiff had left the sidewalk and was crossing Tenth avenue at a place other than the crosswalk. She was using the street at a place where ordinarily pedestrians do not use it when she encountered the debris she described in her petition. A city is not held to the same degree of care in maintaining its streets in a safe condition for pedestrians as it is to sidewalks. Dirt, debris and oil that might constitute a defective condition if allowed to accumulate on a sidewalk where people are expected to travel would not be a defective condition if maintained or allowed to exist in the part of the street used for other traffic. This is because a condition that would be hazardous to pedestrians would not necessarily be hazardous to vehicles and the street is maintained for vehicles, not pedestrians. The sidewalks and crosswalks are for pedestrians. In *Register v. City of Pittsburg*, 139 Kan. 753, 33 P. 2d 173, we considered a case where a young girl had angled across and was injured when she stepped on a defective place in the parking. We pointed out authorities where we had held cities liable for injuries to pedestrians on account of failure of the city to maintain its streets in a reasonably safe condition. We said further, however:

"While the cases cited authorize a recovery under the facts, they also recognize that there are degrees of care to be exercised, and right of recovery varies according to the place where the accident occurred, and what the duties of the city were as to keeping such places safe for travel, and the use that might be expected to be made by users of certain parts of the street. The same care is not to be expected by people who are angling across the street over a curb and parkway as in places set apart for travelers, like sidewalks and crosswalks."

We then proceeded to hold the city was not liable for the injuries

to the little girl because the defect was in the curb leading to the parkway where the plaintiff was not expected to walk and at a place where the city had no duty to anticipate that she would walk. The opinion is persuasive here. Certainly the city had no duty to anticipate that plaintiff would leave the sidewalk and crosswalk to cross the street at this point. It follows that the petition did not state a cause of action.

The judgment of the trial court is affirmed.