No. 39,188

E. G. CROWDER, *Plaintiff* and *Appellee,* v. RAY W. LINDBERGH, Defendant, JIM CAROTHERS TIRE COMPANY, INC., *Intervenor* and *Appellant,* SCOTT MOTORS, INC., *Intervenor.*

(265 P. 2d 851)

Opinion filed January 23, 1954.

*M. D. Bartlow,* of Topeka, argued the cause and was on the briefs for the appellant.

*Lawrence J. Richardson,* of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by Jim Carothers Tire Company, Incorporated, intervenor, in a replevin action instituted by R. C. Crowder against the defendant, Ray W. Lindbergh, to recover certain personal property. Plaintiff's action was based on a note and chattel mortgage. The above-mentioned intervenor had sold the personal property involved to the defendant Lindbergh under an alleged conditional sales contract. Another intervenor, Scott Motors, Incorporated, claimed a lien on the property involved. Only the first-mentioned intervenor has appealed from the judgment rendered.

Appellant contends the court committed various trial errors and rendered an erroneous judgment. Appellant, however, has appealed only from the judgment rendered and not from the order overruling its motion for a new trial. It follows alleged trial errors are not reviewable. (*Hardman Lumber Co. v. Spitznaugle,* 130 Kan. 346, 286 Pac. 235; *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553.)

The plaintiff, appellee, insists the single appeal from the judgment rendered must be dismissed for various reasons. He directs attention to the fact appellant failed to order and provide a transcript sufficiently complete to enable appellee to prepare a counter abstract in accordance with the provisions of G. S. 1949, 60-3311 which is necessary for a proper review of the judgment rendered; there was no agreement of the parties the limited transcript ordered by appellant would be satisfactory to appellee and that it is wholly insufficient for a proper review of the judgment.

Appellee also challenges the accuracy of the abstract. Among other things appellee contends appellant did not plead the true copies of its conditional sales contract; that copies pleaded indicated more tires than the copies recorded in the office of the register of deeds which latter copies were introduced in evidence. It also is observed the abstract does not contain a single page reference to the transcript as required by rule 5 of this court.

It is the duty of an appellant to provide a transcript of all proceedings necessary for a review of a judgment rendered. (G. S.

1949, 60-3311; *Schreiner v. Rothgarn*, 154 Kan. 20, 114 P. 2d 834; *Kininmonth v. Carson*, 156 Kan. 808, 137 P. 2d 173; *Barker v. Chicago, R. I. & P. Rly. Co.*, 158 Kan. 549, 148 P. 2d 493.) Unless the parties agree by stipulation that a transcript of certain portions of the record is not necessary the burden is upon appellant to obtain a transcript containing sufficient evidence to establish his position beyond any question. Without an adequate official transcript the supreme court cannot review questions which depend on evidence. (*Barker v. Chicago, R. I. & Rly. Co.*, supra., *Bisagno v. Lane*, 168 Kan. 153, 156, 211 P. 2d 85.)

Under the circumstances stated it follows the appeal must be dismissed. (*Barker v. Chicago, R. I. & P. Rly. Co.*, supra.) In passing we also may say that on the basis of the record presented here this court could not reverse the judgment in any event.

The appeal is dismissed.