No. 40,245

NEVA McCOLLISTER, *Appellee,* v. CITY OF WICHITA, *Appellant.*

(304 P. 2d 543)

Opinion filed December 8, 1956.

Robert C. Helsel, of Wichita, argued the cause, and *Fred W. Aley,* of Wichita, was with him on the briefs for the appellant.

A. *Wayne Murphy,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, Bernard V. Borst,* and *D. Clifford Allison,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from an order of the trial court overruling a demurrer by the appellant city to the amended petition of the appellee in an action to recover damages for injuries sustained by her when she stepped off a sidewalk and curbing into a defect in the gutter adjacent to the curbing.

A motion to make portions of the original petition definite and certain and to strike other allegations thereof was overruled in part and sustained in part.

In compliance with the ruling of the court, appellee filed an amended petition (hereafter called petition) setting forth formal parts which were followed by allegations pertinent hereto and these, briefly summarized, are that about 8:10 p. m. on September 16, 1954, appellee stepped from the curb onto the concrete apron which lies between the curb and the brick pavement in the first block on North Broadway in Wichita. We pause to explain here that the concrete apron is what is commonly termed the gutter. The sidewalk, curbing and gutter were concrete and the street proper was paved with brick.

Further summarizing the petition, appellee stepped into an irregular depression which was three and one half inches deep and three feet in diameter; this depression had existed for sufficient time that appellant's agents and employees knew or should have known thereof for a period of time in excess of that required to make repair; as a consequence of stepping into the depression, appellee fell and sustained injuries.

Further allegations reflect that congested traffic and parking conditions existed at the location which caused pedestrians ordinarily and customarily to travel over the portion where the depression was situated because it was the only course available to appellee and other pedestrians desiring to leave or enter automobiles stopped for that purpose in the street adjacent to the automobiles parked at the curb. These facts and those previously stated were, or should have been, known by appellant's agents and employees. It was nighttime, the defect was in deep shadow, and appellant had not placed any lantern, barricade, flag or other warning device advising of the defect or impending danger to persons who might step therein.

A general demurrer was filed against the petition which the trial

court overruled and appellant filed this appeal. Appellant's argument is focused on the sufficiency of that part of the petition just summarized and we will limit our consideration thereto.

Appellant stresses the point that the three and one half inch depression involved was not such an actionable defect as to require appellant to respond in damages to a person who might step therein. There might be merit to this contention if that were the only allegation of the petition but such is not the case as can be seen from the summarized portion above set out. The petition contained allegations of ordinary and customary use by pedestrians being loaded or discharged from temporarily parked vehicles stopped in the street and adjacent to automobiles parked at the curb; it alleged that darkness and deep shadows concealed the defect, and in addition alleged other facts, circumstances and conditions which were all within the actual or constructive knowledge of appellant's servants and employees.

Whether appellee's evidence will support the contentions of her petition was not before the trial court nor is it before us on this appeal. Only the allegations of the petition are under consideration but one allegation cannot be isolated—all of them must receive attention—and if they state a cause of action, then the petition is sufficient and the demurrer has to be overruled. This is not a new or novel principle but rather is a well-established rule of law and it is not necessary to cite our numerous authorities in support thereof.

Appellant's position is well taken in view of the authorities cited to the effect that no general duty rests on a city to respond in damages for failure to repair a slight defect or even in a case where the defect is conceded to be unsafe and actionable unless coupled therewith is the fact that the city has had actual or constructive notice thereof, and in addition after such notice and before the occurrence of the injury a reasonable time has elapsed in which to repair such defect. (*Blankenship v. Kansas City*, 156 Kan. 607, 611, 135 P. 2d 538.) Here, however, we have allegations covering these very propositions in the petition.

There are conceivably three classes of defects or imperfections which have been treated by this court. The first group includes those of such slight character that, as a matter of law, they are not actionable; the second group goes to the other extreme where the imperfections are so dangerous that they are conceded by every-

one to be actionable. Between these two extremes are those which may be in one or the other of the groups mentioned. As we have so often said heretofore, minds of men may differ as to what category will control and the determination of that question is one for the jury and not for this court. This brings us to the proposition that all the facts and circumstances attending a particular situation must be taken into account and each case must depend thereon and be determined thereby. (*Taggart v. Kansas City,* 156 Kan. 478, 481, 134 P. 2d 417.)

Another question raised by appellant is that it could not be anticipated that pedestrians would traverse this particular portion of the curb and gutter and it cites *Smith v. City of Emporia,* 169 Kan. 359, 219 P. 2d 451, where the following language appears in the syllabus:

". . . a city is not held to the same degree of care in maintaining in a reasonably safe condition the portion of a street commonly used for vehicular traffic as for sidewalks, crosswalks and other parts of the street *where it is to be anticipated pedestrians will go*." (Our emphasis.)

While the facts in the Smith case were dissimilar from those before us, the rule of law stated therein is applicable here. There can be no doubt that the allegations of this petition show not only that this curb and gutter were ordinarily and customarily traveled by pedestrians but that appellant's agents and employees had actual or constructive knowledge thereof and that more than sufficient time to repair the defect had expired before appellee's injuries occurred.

Many authorities were cited by appellant but they involved parkings, and parkways consisting of sod, sand, gravel and other construction. Those cases are distinguishable from the one here on appeal.

We find no error in the order of the trial court overruling the demurrer in this case because the petition did properly state facts sufficient to constitute a cause of action notwithstanding the previous motions.

The judgment is affirmed.