No. 41,550

Lois J. Emond, *Appellee,* v. The City of Wichita, a Municipal Corporation, *Appellant.*

(347 P. 2d 256)

Opinion filed December 12, 1959.

*Thomas A. Wood,* of Wichita, argued the cause, and *Fred W. Aley* and *Charles A. Sparks, Jr.,* both of Wichita, were with him on the briefs for the appellant.

*C. H. Morris,* of Wichita, argued the cause, and *Robert F. Bailey* and *Norris D. Walter,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This appeal is from a judgment of the trial court based on a jury's verdict against the defendant city and in favor of plaintiff awarding damages for personal injuries.

The plaintiff has moved to dismiss this appeal because the city failed to file a transcript in the office of the clerk of the district court, as required by G. S. 1949, 60-3311. However, plaintiff filed a counter abstract in which reference was made to page numbers of the transcript. While statutes and court rules relating to appellate procedure should be meticulously followed, this court has been reluctant to dismiss an appeal because of such omission as here claimed by plaintiff unless the complaining party has been prejudiced thereby. A good discussion of a similar situation and determination thereof appears in *Boggs v. City of Augusta,* 180 Kan. 831, 832, 833, 308 P. 2d 72. The record in our case, as in the Boggs case, fails to support plaintiff's claim of prejudice and the motion to dismiss is overruled.

No controversy exists in regard to the pleadings and we shall, therefore, turn immediately to a consideration of the substantial testimony of the witnesses. On June 2, 1957, plaintiff's husband,

while driving a motorcycle with plaintiff riding as a passenger on the rear seat, approached (from Central street on the west) the four-way stop intersection of Central and West streets in Wichita, and in the execution of a lefthand turn, hit a "chughole" in the blacktop surface of the intersection; he knew the intersection had a lot of holes; the northeast corner was full of water and it had been that way for sometime; he identified the hole the motorcycle hit; he had missed it with the front wheel of the cycle but not the back wheel which caused plaintiff to lose her balance; her foot was thrown into the wheel; his speed was five miles an hour and he stopped immediately after hitting the hole.

Plaintiff testified to the same facts as her husband and further stated they had stopped before entering the intersection and after the bump she "hollered" to her husband to *stop* because her foot was in the wheel and it was tearing her heel.

Mr. Driskel, employee of KAKE Television and Radio, went by the intersection almost every day going to work; the chugholes had been in there and they had been patched but the asphalt came out; back of the particular hole in question the asphalt warped in the summer and then broke up in heavy rains; he did not know how long the hole had been there.

Joe Walker, operator of a Phillips service station at the southeast corner of the intersection, stated that the intersection was rough with chugholes and had been for years; he had observed the front wheel of one car get stuck in a hole and another blow out a tire after which, because the water was bad, he had called his brother, a highway patrol dispatcher and told him of the situation. The witness further testified that police officers patrolled the area and police cars had gone through there and hit chugholes.

Lawrence Wells stopped his car at the stop sign, saw the cycle hit the chughole which had existed at least two months, saw plaintiff's shoe flip into the street and observed that the main part of plaintiff's heel had dropped away from the rest of her foot.

Jack Walker, brother of Joe Walker, testified that chugholes were in the north, south, and east of the intersection; the city had repaired them several times but every time it rained the fillings would wash out; there was no sewer outlet in the corner; a big ditch had been filled by driveway approaches to a Texaco service station; he had called the police dispatcher as soon as his brother had called him about cars having difficulty; on one other occasion he had called the city yard himself concerning the condition.

Police officer Gregg, who was called to the scene, took pictures of the hole that somebody told him the cycle had hit; plaintiff told him he did not hit the hole; Gregg was so busy he did not get the name of the man who said the cycle hit the hole and the man left; he had to approach within five feet of the hole to get a picture and plaintiff would have had to be within five or six feet before he could see the depth of the hole.

The city requested the following instructions:

"Requested Instruction No. 4

"You are instructed that plaintiff cannot recover unless she has established by a preponderance of the evidence that the defendant is guilty of some act or acts of negligence which proximately caused her injury.

"By proximate cause is meant that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury must have been the natural and probable consequence of the wrongful act.

"Requested Instruction No. 6

"You are instructed that a city is not liable for defects or obstructions in the street unless such defect existed for such a length of time prior to the accident that the City in the exercise of reasonable care should have discovered it.

"Notice of a particular defect which caused an injury cannot be established by proof of notice of any other defect which is in no way related to the former and did not contribute to the injury.

"In determining whether the hole in question existed for such a length of time prior to the accident that the City in the exercise of reasonable care should have discovered it, you are not permitted to take into consideration any holes or conditions other than the specific hole in question, and you must find that the specific hole of which plaintiff complains existed for such a length of time prior to the accident that the City in the exercise of reasonable care should have discovered it."

The trial court gave the following instructions on causation:

"No. 6. The plaintiff alleges that the defendant City was negligent in permitting the intersection of Central and West Streets to become defective and dangerous.

"In order to sustain this allegation the plaintiff has the burden of proving not only that her injury was caused by a hole in the intersection but in addition that the particular hole in question was of such size and character as to render the street unsuitable for public travel conducted in the ordinary manner.

"No. 7. The plaintiff claims that she was injured and damaged because of the negligence of the defendant. If you find and believe from a preponderance of the evidence that the defendant was negligent and that the plaintiff suffered injury and damage because of defendant's negligence, you should find for the plaintiff in whatever amount you believe will compensate plaintiff for the damage suffered, not to exceed the amount sued for in the plaintiff's petition.

"Plaintiff cannot recover in this suit if she was guilty of any negligence which contributed to her injury.

"No. 8. The defendant, City of Wichita, is bound by law to use all reasonable care, caution and supervision to keep its streets in a reasonably safe condition for travel in the ordinary modes of travel, and if it fails to do so it is liable for injuries or damage sustained in consequence of such failure, provided that the party injured or damaged is herself exercising reasonable care and caution."

On the duty of the city and notice of defect to the city, the trial court instructed as follows:

"No. 9. You are instructed that although incorporated cities are required to construct and maintain their streets in a reasonably safe condition for the travel that usually passes over them, yet they are not insurers of the condition of the streets, nor are they held to keep them in an intrinsically perfect condition, nor are they answerable for conditions which reasonable prudence would not have guarded against.

"No. 10. You are instructed that before you can find negligence on the part of the City you must be satisfied that the City had notice of the defect, or had knowledge of facts sufficient to put it upon inquiry long enough before the injury to have repaired the defect.

"Negligence implies some omission of duty. The City must have been in fault, and if it had no knowledge of any defect or any facts from which it might reasonably have presumed that there was a defect, it is not to blame, and it cannot be said to have been guilty of negligence."

The record discloses the city objected only to the trial court's instruction No. 10 and did not object to No. 6, 7, or 8.

The jury returned a general verdict in favor of plaintiff for $10,895.00

During the hearing of the motion for new trial the city presented the point that the trial court had not instructed, and it was necessary to so instruct, on proximate cause. The city also again objected to the trial court's instruction No. 10.

The trial court overruled the motion for new trial and approved and entered judgment on the jury's verdict.

The city appeals from the order overruling the motion for new trial.

The first question presented by the parties is whether it was error for the trial court to refuse to give the city's requested instruction No. 4 on proximate causation. That requested instruction is technically a correct statement of the law but it does not necessarily follow that the trial court's refusal to give it was reversible error. The parties devote much of their argument to the proposition as to whether it was necessary for the city to object to the instructions

given but that is not the question here and we shall not discuss that contention.

We said as recently as in *Applegate v. Home Oil Co.*, 182 Kan. 655, 662, 324 P. 2d 203, there are numerous definitions of the term "proximate cause" and our decisions therein cited confirmed that statement. The Applegate case also discussed the proposition as to whether proximate cause is a fact question for the jury or one of law for the court, but that discussion need not be reiterated here.

In *Alexander v. Wehkamp*, 171 Kan 285, 232 P. 2d 440, as to the sufficiency of the trial court's instruction on preponderance of the evidence where a written contract and a purported subsequent oral modification were involved, this court stated:

"From an examination of the instructions given, as a whole, and the entire record, we are convinced the jury was fairly apprised of the issues involved, and the failure on the part of the court to give plaintiff's requested instructions did not prejudicially affect his substantial rights." (p. 290.)

After considering the record before us, part of which has been set out herein, and examining particularly all of the trial court's instructions, we conclude the issue of proximate cause was sufficiently presented as a question of fact for the jury's determination. That being true it is unnecessary to cover the interesting subject of the sufficiency of the evidence to make proximate cause a question of law determinable by the court.

The next issue involves the city's objection to the trial court's instruction No. 10. We have also set out instruction No. 9, which, along with No. 10, appears to be quite favorable to the city. The first paragraph of No. 10 is a correct statement *(McCollister v. City of Wichita*, 180 Kan. 401, 403, 304 P. 2d 543) and requires knowledge on the part of the city to put it upon inquiry long enough before the injury to have repaired the defect.

When we examine the record and particularly the evidence of Lawrence Wells in addition to that of Joe Walker, the city cannot be heard to contend that it did not have constructive notice of the defect or knowledge of the defect for a long enough time prior to plaintiff's injury to repair the defect. See *Crawford v. City of Wichita*, 141 Kan. 171, 39 P. 2d 911, for a decision in a case similar to the one now before us.

Judgment affirmed.