No. 41,654

GERHARD ZERGER, *Appellant*, v. DELORSE STUCKY, *Appellee*.

(348 P. 2d 612)

Opinion filed January 23, 1960.

*Evart Mills*, of McPherson, argued the cause and was on the brief for the appellant.

*Jack O. Bowker*, of McPherson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This case arises out of an intersection collision and is an action to recover for damage to plaintiff's automobile and for temporary loss of use thereof, all in the amount of $689.33.

The jury returned a verdict for defendant and plaintiff has appealed.

At the outset, we are confronted with defendant's motion to dismiss the appeal because of plaintiff's failure to comply with the provisions of G. S. 1949, 60-3311, relating to the procuring and filing of a transcript of the trial proceedings. On September 8, 1959, this motion was denied, with leave to renew at the hearing of the appeal on its merits. Defendant has renewed her motion.

From the very sketchy and meager record presented it appears that plaintiff's chief complaints center around the question of the exact point of the collision and the trial court's instructions defining an intersection. One of the grounds of plaintiff's motion for a new trial was that the verdict is contrary to the evidence, and the denial of that motion is specified as error.

The difficulty with plaintiff's position is that the "transcript" procured by him not only was insufficient to enable defendant to prepare a counter abstract therefrom—but also, as abstracted, is insufficient to enable this court to review the proceedings below and the questions presented on appeal.

Questions concerning the application of the mentioned statute and the duty of an appellant thereunder with respect to the securing

and filing of a transcript of trial proceedings have been before this court many times and under varying circumstances. We mention but a few of our decisions: *Barker v. Chicago, R. I. & P. Rly Co.,* 158 Kan. 549, 148 P. 2d 493; *Hodges v. Phoenix Mutual Life Ins. Co.,* 174 Kan. 282, 285, 286, 255 P. 2d 627; *Crowder v. Lindbergh,* 175 Kan. 671, 265 P. 2d 851; *Matthews v. Jackson,* 176 Kan. 397, 405, 271 P. 2d 798, and the many cases cited therein.

The motion to dismiss is sustained and the appeal is dismissed.