No. 41,885

In the Matter of the Estate of Bertha Rosey, Deceased, ETHEL ROSEY COWAN and EARL ROSEY, *Appellants*, v. MYRTLE KOEPKE KIRKPATRICK, *Appellee*.

(356 P. 2d 849)

Opinion filed November 12, 1960.

*Sam A. Crow*, of Topeka, argued the cause, and *Jacob Dickinson, Paul C. Aiken, Jack C. McCarter, Ralph E. Skoog* and *Hart Workman*, all of Topeka were with him on the briefs for the appellants.

*Howard W. Harper*, of Junction City, argued the cause, and *Lee Hornbaker, William D. Clement* and *Richard F. Waters*, all of Junction City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The proceeding from which this appeal was taken arose in the probate court and was appealed to the district court after decision adverse to the present appellants. We only note that the district court likewise ruled adversely and appellants filed their appeal in this court on December 7, 1959. Appellant's abstract was not filed within time under rule 8 of this court. A motion to

dismiss was filed but overruled and appellants allowed further time to file the abstract. An abstract was filed on April 29, 1960; the appeal set for hearing on September 27, 1960, and counsel for both sides were advised by mail of the setting of the case sixty days before the opening of the session of the court; they further received the printed docket for the session some thirty days before the session opened. On September 9, 1960, appellants filed a motion for additional time to file their brief, it then being overdue under Rule 8, and to have the appeal continued and taken off the docket on September 27. Appellees replied by filing a motion to dismiss setting out that the transcript of the proceedings in the district court had not been filed as required by G. S. 1949, 60-3311.

After consideration of the motions, the court set the matters down for argument at the regular setting of the case on September 27, 1960. In the meantime, appellants have filed their brief on the merits, and on September 16th filed the transcript with the clerk of the district court as provided in section 60-3311. Appellees have advised the court that the abstract is insufficient and they will have to file a counter abstract and ask that the hearing on the merits be continued, if the case is not dismissed.

Oral argument was had at the regular setting of the case covering the motions to dismiss and for continuance. Typewritten briefs were filed by the parties on these matters.

Referring first to the matter of the failure to comply with section 60-3311, appellants suggest that they assumed appellees had followed an alleged custom of obtaining a carbon copy of the transcript from the reporter. In some of the cases to be cited, it is noted that the statute is to be followed unless there is an agreement or stipulation between the parties. Even an agreement that appellee will obtain a carbon copy of the transcript does not satisfy all of the reasons for having the transcript filed with the clerk of the court as required by statute. On occasion, this court has found it advisable to have the transcript sent to it for a further study of the record. This would be impossible, unless the transcript is filed as required by the statute.

Perhaps the last instance in which the court has had to deal with a failure to follow the above mentioned statute is found in *Zerger v. Stucky*, 186 Kan. 142, 348 P. 612, where it will be noted that failure to file a sufficient transcript for the review of the fact questions involved was held to be sufficient ground for dismissal of the

appeal. Many of our former cases upon the question are collected in the opinion of the court on page 143. If any additional authority be necessary to emphasize the importance of filing an adequate transcript under the statute see: *Kininmonth v. Carson,* 156 Kan. 808, 137 P. 2d 173; *Kasper v. Miller,* 159 Kan. 488, 156 P. 2d 550; *Bisagno v. Lane,* 168 Kan. 153, 211 P. 2d 85; *Crowder v. Lindbergh,* 175 Kan. 671, 265 P. 2d 851.

Turning now to the notice of appeal, we find that the only thing appealed from in this case was the overruling of the appellants' motion for new trial. Hence, there can be no question that matters of fact must be reviewed and a transcript was necessary. But an inspection of the specification of errors discloses an even more serious fault. *There is no specification of error as to the order overruling the motion for new trial.* This order was the only matter appealed from as noted above.

It has long been the rule of this court that in order to appeal from trial errors, the appellant must file and bring to the attention of the trial court a motion for new trial setting out such errors; that he must then specifically appeal from the order overruling the motion for new trial, and finally must specify the overruling of the motion as error. It is not sufficient to simply specify as error the items complained about in the motion for new trial.

The first case setting forth the above rule would appear to be *Carson v. Funk,* 27 Kan. 524. The recent case of *Green v. State Highway Commission,* 184 Kan. 525, 337 P. 2d 657, and opinion on motion for rehearing, 185 Kan. 36, 340 P. 2d 927, would appear to be on all fours with the case at bar. The syllabus of the Green case reads as follows:

"Where an appellant does not specify as error the overruling of his motion for a new trial, trial errors specified are not subject to appellate review. Under such circumstance, the appeal reaches this court as if no motion for a new trial had been filed."

The court is fully aware that the rule adhered to in the Green case is technical, but it is appellant's duty to bring his case to this court in strict compliance with the statute and the rules of this court. Beginning at page 526 of the original opinion in the Green case will be found many of the more modern cases on the civil side of the court following the rule adhered to by the opinion. They need not be set out in this opinion. The rule is also applicable to criminal appeals, and for example see: *State v. Turner,* 183 Kan.

496, 328 P. 2d 733; *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390; *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945; *State v. Trinkle,* 186 Kan. 809, 352 P. 2d 937; *State v. Lewis,* ante p. 221 and *State v. Bednark,* ante p. 236, both this day decided.

From what has been said it is readily apparent that the court has nothing before it in the present appeal for decision. Therefore, the appeal must be dismissed. It is so ordered.