No. 42,818

CARL LARSEN, *Appellee,* v. EMPLOYERS MUTUAL CASUALTY COMPANY OF DES MOINES, IOWA, a Corporation; TOM BROWN and BUD KERN, a Co-Partnership d/b/a B-K WELL SERVICE, *Appellees,* v. HERNDON DRILLING COMPANY, a Corporation, and LYNES, INC., a Corporation, *Appellants.*

(374 P. 2d 47)

Opinion filed August 28, 1962.

*Marion W. Chipman,* of Hill City, and *Gerald Sawatzky,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Donald L. Cordes* and *Robert L. Howard,* all of Wichita, were with them on the brief for the appellant, Herndon Drilling Company.

*W. A. Kahrs,* of Wichita, argued the cause, and *Robert H. Nelson, H. W. Fanning* and *Richard C. Hite,* all of Wichita, and *Marvin Thompson,* of Russell, were with him on the brief for appellant, Lynes, Inc.

*J. Eugene Balloun,* of Great Bend, and *D. A. Hindman,* of Stockton, argued the cause, and *H. Lee Turner,* of Great Bend, *H. D. Oelschlaeger,* of Plainville, and *Stanley Krysl,* of Stockton, were with them on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: Although the preliminary procedural aspects of this case were somewhat out of the ordinary—essentially the action was one by an injured workman against alleged negligent third party tort-feasors to recover for his injuries—under the provisions of G. S. 1959 Supp. 44-504.

Because of the disposition we feel compelled to make of the appeal only a brief statement of the case is necessary.

Plaintiff Larsen was an oil-field worker. Named as defendants in

his petition were his employer, B-K Well Service—its insurance carrier, Employers Mutual Casualty Company—and Herndon Drilling Company. Herndon was charged with negligence, and the petition sought an adjudication of the rights of the employer and its insurance carrier. The employer and its insurance carrier filed a cross-petition against their codefendant Herndon—and against Lynes, Inc., alleging that plaintiff's injuries were caused by the combined negligence of Herndon and Lynes. The cross-petition sought recovery of the amount paid to plaintiff under the workmen's compensation act, and also sought damages for plaintiff for his injuries.

Following various rulings concerning the pleadings and the right of cross-petitioners to bring Lynes into the case as a defendant, issues were joined and the case proceeded to trial by a jury in June, 1961. After a two-day trial the jury returned special findings and a general verdict for plaintiffs (cross-petitioners) against both Herndon and Lynes. They have appealed—and each specifies numerous errors.

The joint abstract of Herndon and Lynes was filed in this court on February 10, 1962. In due course the appeal was set for hearing at the June, 1962, session. Herndon filed its brief on April 28, and Lynes filed its brief on May 2.

On May 19 cross-petitioners (hereafter referred to as plaintiffs) filed a motion in this court to dismiss the appeals of Herndon and Lynes "for the reason that said appellants have not filed an official transcript of the testimony and proceedings had in the trial of this case with the Clerk of the trial court, as required by Section 60-3311, G. S."

In response to the motion to dismiss, counsel for Herndon and Lynes, on May 22, filed in this court an affidavit, dated May 21, stating in substance:

That it was their understanding at the time transcripts of the trial were ordered that an original or copy of such transcript would be filed by the reporter with the clerk of the district court, but apparently there was a misunderstanding on the part of someone due in part to the multiple parties involved, and that they first learned on May 21 that the transcript had not been filed with the clerk of the district court, and that as of May 21 they mailed the original transcript for filing with such official. That they have prepared and filed an abstract in the case which, to the best of their ability, was fully adequate to cover all questions involved in the

appeal, and that such abstract was served on the appellees on February 13. That the court reporter for the trial court prepared an extra copy of the transcript and they assumed that such copy was available to counsel for appellees. That they (counsel for appellants) are willing to give appellees whatever time they wish in order to prepare a counter abstract and are willing to waive the failure of appellees to file a counter abstract within the proper time. That appellees have not been prejudiced by the failure to file a copy of the transcript and they (appellants) are willing to consent to a continuance of the hearing of the appeal if desired by appellees.

On May 22 this court, upon consideration of the motion to dismiss and the affidavit filed in response thereto—denied the motion to dismiss.

On May 24 plaintiffs filed a motion seeking a rehearing on their motion to dismiss, and requesting permission to present argument on the motion at the time the appeal was set for hearing—June 6.

On May 24—considering the matter on the papers filed—the motion for rehearing on the motion to dismiss was denied.

On May 25 plaintiffs filed their counter abstract and brief. The "counter abstract" consists only of their motion to dismiss the appeal because of failure to file the transcript as required by G. S. 1949, 60-3311.

The appeal was argued on June 6, at which time counsel for plaintiffs—as they had the right to do—again urged that the appeal be dismissed.

The statute in question reads:

"Either party to any case tried in a court of record having an official stenographer may direct such stenographer to transcribe and certify to the correctness of all of the stenographer's notes of the testimony and proceedings in the case or any such part as such party may designate, and such transcript shall be made, certified and *filed with the clerk of such court* on payment to such stenographer by the party ordering the same of the costs of such transcript, and such transcript shall thereupon become a part of the record in the cause, subject to amendment and correction by the trial court or judge." (Our emphasis.)

In their brief—after citing several cases in support of their motion to dismiss—counsel for plaintiffs say:

"Appellees have been prejudiced because of the failure to file a transcript. The exact extent we are unable to inform the court as we have had no opportunity to examine the transcript and can not trust our memories. Carl Larsen, the chief beneficiary of the judgment is financially unable to procure a copy

of transcript. In all probability the Employers Mutual Casualty Company would have advanced the necessary funds to procure a copy. However, the attorneys relied upon appellants filing a transcript until it was too late for a transcript to be of any benefit. The statute is plain and the attorneys had a right to assume that the transcript would be filed. Why wasn't it filed?

"The attorneys for appellants profess to be devotees of strict construction and strict following of the provisions of the code and then they flagrantly fail to follow one provision. Under strict construction and strict following of the code the appeals certainly should be dismissed."

The various circumstances under which an appellee has attempted to invoke the plain wording of the statute in question, and thus to secure the dismissal of an appeal—have been numerous.

In *Hanson v. Kramer*, 131 Kan. 491, 292 Pac. 788 (appeal dismissed 284 U. S. 585, 76 L. Ed. 506, 52 S. Ct. 128), although no transcript was filed, nevertheless the appellee in some manner obtained it and filed a counter abstract. In view of the circumstances, the motion to dismiss the appeal was denied.

In *Johnson v. State Highway Comm.*, 148 Kan. 489, 83 P. 2d 619, there was a motion to dismiss the appeal because of appellant's failure to file the transcript in compliance with the statute. Under the facts and circumstances related on page 490 of the opinion, the motion to dismiss was denied and the appeal was heard on the merits. In commenting on the matter, however, it was said:

"Just why appellant failed to comply with the plain provisions of the statute we are not advised. An appellee is entitled to the benefit of a transcript. That is the plain purpose of the statute. It was not intended the appellee should be restricted to the contents of an abstract prepared by the adverse party." (p. 489.)

In *Boggs v. City of Augusta*, 180 Kan. 831, 308 P. 2d 72, the original transcript was not filed with the clerk of the district court until a date only nine days prior to the date the appeal was set for hearing—January 25, 1957. In denying appellee's motion to dismiss and finding that appellee was not prejudiced with respect to the preparation of a counter abstract, the opinion notes that the official court reporter had delivered a true, correct and certified copy of the original transcript to counsel for appellee as early as April, 1956.

In *Emond v. City of Wichita*, 185 Kan. 720, 347 P. 2d 256, the plaintiff-appellee moved to dismiss the appeal because appellant had failed to file a transcript in the office of the clerk of the district court as required by the statute. In denying the motion to dismiss and holding that no prejudice was shown, it was said:

"However, plaintiff filed a counter abstract in which reference was made to page numbers of the transcript. While statutes and court rules relating to appellate procedure should be meticulously followed, this court has been reluctant to dismiss an appeal because of such omission as here claimed by plaintiff unless the complaining party has been prejudiced thereby." (p. 720.)

In each of the foregoing cases it will be seen that under the facts and circumstances no prejudice to the appellee was found to exist.

In *Lasnier v. Martin*, 102 Kan. 551, 171 Pac. 645, it was claimed that no transcript of the evidence had been "provided" by the appellants. In denying the motion to dismiss the appeal, it was held:

"Failure to provide a transcript of the evidence does not necessarily require the dismissal of an appeal; it merely excludes from the scope of the review those features of the lawsuit dependent thereon." (syl. 1.)

and said:

"In this case, apparently, there was some evidence introduced at the trial, but we do not discern its relevancy to the matters now urged upon our attention. (pp. 552, 553.)

In *Putnam v. City of Salina*, 136 Kan. 637, 17 P. 2d 827, the appellees moved to dismiss the appeal on the ground that appellants "have failed to procure and file a transcript of the testimony." The court noted, however, that in their brief and argument appellees made repeated references to the evidence, and held that under the facts and circumstances the want of a transcript of the evidence did not justify a dismissal but that it did exclude from the scope of review those features of the case dependent upon the evidence.

In *Schreiner v. Rothgarn*, 154 Kan. 20, 114 P. 2d 834, the claim was made that no transcript of the record had been provided which would enable this court to review alleged errors. The rule announced in the Lasnier and Putnam cases, above, was adhered to.

In *Kininmonth v. Carson*, 156 Kan. 808, 137 P. 2d 173, the appeal was sought to be dismissed because of the failure of appellants to obtain a transcript of the evidence and to file it with the clerk of the district court. The appeal was not dismissed but it was held that under the statute (60-3311) it is the duty of an appellant to cause a transcript to be made, certified to and filed, and that when such is not done this court will not review any action of the trial court that requires an examination of the evidence.

To substantially the same effect are *In re Estate of Fitzroy*, 172 Kan. 339, syllabi 1 and 3, 240 P. 2d 163, and *Matthews v. Jackson*, 176 Kan. 397, 271 P. 2d 798.

In still another group of cases the claim was made by appellee

that the transcript—although filed—was inadequate or incomplete. We mention but a few.

In *Mercer v. Kirkwood,* 147 Kan. 637, 77 P. 2d 929, the appeal was dismissed for the reason that the transcript was incomplete and insufficient to show all of the evidence pro and con which pertained to the controverted question of fact.

In *Barker v. Chicago, R. I. & P. Rly. Co.,* 158 Kan. 549, 148 P. 2d 493, appellants raised only two questions on appeal—that the trial court erred in overruling their demurrer to the plaintiff's evidence, and in refusing to instruct the jury to return a verdict in their favor. The appellee moved to dismiss the appeal on the ground appellants had not caused a complete transcript of the evidence to be prepared and filed. The motion to dismiss was sustained, and in the course of the opinion it was said:

"The rule is that to obtain a review of questions depending on the evidence the burden is on the appellant to produce a transcript containing sufficient evidence to establish his position beyond question. This he may do by a complete transcript or by a partial one on agreement between the parties that it contains all evidence material to the issues. . . . Moreover, without a transcript containing all evidence material to the issues there would be no sufficient record to which an appellee could turn in order to properly prepare his counter abstract." (p. 554.)

*Crowder v. Lindbergh,* 175 Kan. 671, 265 P. 2d 851, is to the same effect, where it was held that it is the duty of appellant to provide an official transcript of all proceedings necessary for a review of the judgment, and that unless the parties agree by stipulation that a transcript of certain portions of the record is not necessary the burden is upon the appellant to obtain a transcript containing sufficient evidence to establish his position beyond any question. The appeal was dismissed.

In the recent case of *Zerger v. Stucky,* 186 Kan. 142, 348 P. 2d 612, the transcript filed by appellant was not only insufficient to enable the appellee to prepare a counter abstract therefrom, but also, as abstracted, was insufficient to enable this court to review the proceedings below and the questions presented on appeal. In dismissing the appeal because of appellant's failure to comply with the statute in question, it was held:

"It is the duty of an appellant to procure and file with the clerk of the district court an official transcript of such proceedings as is necessary for a review of the judgment rendered and sufficient to establish his position beyond question." (syl.)

See also *In re Estate of Rosey*, 187 Kan. 254, 356 P. 2d 849.

The conclusion to be drawn from the foregoing cases appears to be that each was more or less decided on the basis of its particular facts and circumstances. In some there was an utter lack of a showing of prejudice sufficient to justify a dismissal. In others—the appeal was not dismissed—but the scope of review was restricted to those matters not dependent on evidence. In still others the appeal was dismissed because the transcript—although filed—was inadequate to cover the issues and was not such as a counter abstract could be prepared therefrom. Under the procedure followed in several of them we would be justified in denying the motion to dismiss—but restrict the scope of review to those questions not dependent on the evidence. Equally persuasive, however, are those cases in which the appeals were dismissed because the transcript —although filed—was inadequate.

The appeal in this case was set for hearing on June 6, and was heard on that date. The transcript was not filed with the clerk of the district court until at least May 22, after plaintiffs' (appellees') brief was in the process of being printed. In their brief, filed here on May 25, they say they were prejudiced—but candidly admit they do not know to what extent—*because they had had no opportunity to examine the transcript*. In the Matthews case, above, appellants admitted the transcript was not filed on account of "oversight," but insisted that they had it in their possession at all times and had counsel for appellees so desired they could have obtained it by requesting it from appellants. Although, under the particular facts of the case, the appeal was not dismissed, it nevertheless was said:

"The argument that this failure is not available to appellees because they could have obtained the transcript by requesting it of counsel for the defendants is not good. The statute makes it clearly the duty of counsel for appellants to file the abstract [transcript] with the clerk of the court so it is available for the counsel for the appellees if they wish to make use of it. The duty rests upon the counsel for the appellants to do this. It appears in this case there was a change in counsel between the time the case was tried in trial court and the appeal was taken. This might account for the failure to file the transcript but it is not a valid excuse." (p. 405.)

Appeals are of course favored, and a litigant should not be deprived of appellate review because of some frivolous technicality. On the other hand, we are confronted with the proposition that orderly administration of justice requires that rules of appellate

procedure should be strictly adhered to and enforced. An illustration (although not involved here) is the rule requiring an appellant to include in his abstract a specification of the errors of which he complains. (See *Blevins v. Daugherty*, 187 Kan. 257, 356 P. 2d 852, and the many cases cited in the opinion.) Considering the fact that numerous appeals have been dismissed because the transcript —although filed as required by the statute—was inadequate—it would seem that logic and consistency require the same fate where, as here, for all practical purposes—*none was filed!*

After giving this matter much consideration we feel compelled to hold that the appeal must be dismissed—and it is so ordered.